John M. Murtagh
1101 West 7th
Anchorage, Alaska   99501
(907) 274-8664
Counsel for defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| THOMAS P. RANES, | ) |
| NOPENON DENNIS SHINE | ) |
| DYLAN N. BALES | ) |
| CURTIS H. MCDONALD | ) |
| KEVIN A. BROWNING, and | ) |
| ROBERT H. MCDONALD | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Case No 3:06-cr-00041-01-RRB

MOTION TO WITHDRAW AS COUNSEL FOR
THOMAS RANES
AND REQUEST FOR HEARING THEREON

COMES NOW, John M. Murtagh and hereby moves this Court for the

entry of an order permitting him to withdraw as counsel for Mr. Ranes in this

case. The Court may recall that counsel appeared at the time of the

1

arraignment in this case and informed the Court that he was present but that final steps towards determining whether counsel would fully appear as Mr. Ranes' attorney were not complete. After some discussion of a limited appearance or participating as a friend of the court, counsel did participate in the arraignment. This Court commented that a later motion to withdraw as counsel could be filed and would be evaluated by the court.

That time has come.

There are two competing circumstances that produce this motion: (1) the now apparent extensive scope of this case, which cannot be shuffled into counsel's present caseload and (2) the financial aspects of representation.

*The scope of the case and counsel's caseload*

There are literally thousands of pages of materials to review and perhaps hundreds of hours of audio materials to review. Although the order for the duplication of audio/video materials has been made to the private contractor selected by the United States, counsel for Ranes is not yet in possession of those materials.

What that demonstrates is the need to incorporate perhaps hundreds of hours of attorney time into counsel's schedule. At the time of the arraignment in this case, counsel had the following felony matters set for trial. Each of

them required attention at that time, and some continue to do so.

<u>State v. Bristol Mueller,</u> sexual assault set for trial on May 8th. This case was dismissed on May 1, 2006.

<u>State v. Michael Morris,</u> assault in the third degree set for May 15th. This case is "trailing" in state court, which means it will be called up for trial whenever the cases with earlier speedy trial expiration dates are resolved or continued. This case can be called up anytime before July 8th.

<u>State v. Clayton Allen,</u> sexual abuse of a minor set for May 22nd. This case was resolved on May 19th, with ongoing work right up to that date. These three cases occupied counsel's principal focus since the time of the arraignment in this case.

<u>State v. Kris Gratrix,</u> Two separate felony assault cases set for trial on June 26th [ The same as the present trial date in this case. ]

<u>State v. Thomas Leichty,</u> sexual assault also set for June 26th.

<u>State v. James Wilken,</u> felony DWI set for July 10

<u>State v. Sithisack Manivong,</u> drug case set for July 17th

<u>State v. Chester Chiara,</u> theft trial set for July 17th

<u>State v. Jone,</u> drug case set for August 7th.

Although it is certainly possible that not all of these cases will go to trial,

each precedes Ranes and each must be prepared for as if the case is going to trial. [ All but one has preceded through the first series of unsuccessful strps at plea negotiations so is realistically in a trial posture ] Even those two cases resolved prior to trial on this list were resolved in one case 7 days before trial and in the other 1 work day before trial.

Simply put, had counsel been aware of the scope of the case on April 24th, he would have informed Mr. Ranes that he was not in a position to take on that extensive of a project.

*Financial aspects*

The court certainly noted in the indictment the series of forfeiture counts. As of this date, Ranes has not been able to isolate sufficient available resources to hire undersigned counsel. The commercial duplication/printing of the discovery materials will exceed $2500. Those materials have been purchased/ordered in order to attempt to keep this case moving forward.

Conclusion

It is appropriate to permit counsel to withdraw at this time. The past month has demonstrated the extensive scope of work that needs to be conducted, work that cannot be addressed as expeditiously as it should due to counsel's pre-existing schedule. Additionally, even should this trial be

continued, as may well be the case, counsel has not yet obtained the funding necessary to permit him to accept this case.

A hearing is requested as this may be the best way to address both the motion and Mr. Ranes' status regarding representation should counsel be permitted to withdraw.

Mr. Ranes believes he will have retained new counsel prior to the end of June.

This motion is supported by the attached affidavit of counsel.

Availability for the hearing

*Week of June 5th*- no scheduling conflicts ( unless the *Morris* case is called for trial - state trials are 8:30 -1:30 Monday through Thursday)

*Week of June 12th* -counsel has conflicts on Tuesday June 13th from 12:45 to 2:30, Wednesday June 14th from 1:00 to 3:45 ( unless the *Morris* case is called for trial. )

Dated at Anchorage, Alaska this 1st day of June, 2006

/S/ John Murtagh
John M. Murtagh
Counsel for Thomas Ranes
1101 West 7th Avenue
Anchorage, Alaska 99501

Phone 907-274-8664
Fax 907-258-6419
Bar Number 7610119
E-mail:jmmalaska@hotmail.com

CERTIFICATE OF SERVICE
This is to certify that a true and
correct copy of this pleading
was served electronically upon the Office of
the United States Attorney
Federal Public Defender- counsel for Mr. Shines
William English- counsel for Curtis McDonald
Phillip Weidner- counsel for Dennis Bales
Rex Butler- counsel for Kevin Browning
Joe Josephson- counsel for Robert McDonald
on the 1st day of June, 2006

_____
Law office of John M. Murtagh