UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>     vs.<br><br>Thomas P. **RANES**,<br>Nopenon Dennis **SHINE**,<br>Dylan N. **BALES**,<br>Curtis H. **McDONALD**,<br>Kevin A. **BROWNING**,<br>Robert H. **McDONALD**,<br><br>          Defendants. | 3-06-cr-00041-RRB-JDR<br><br>ORDER REGARDING<br><br>PRETRIAL MOTION DEADLINE |

The above criminal case charging six defendants in a multi-count indictment involving conspiracy, drug trafficking and money laundering has been declared complex and or extended[1] by the trial judge. The trial date has been continued to February 2007. All but one defendant is represented by retained counsel. Before entering a scheduling and planning order the court requests that the government respond by close of business June 15, 2006, to this order addressing

---

[1] Court proceedings before the Hon. Ralph R. Beistline addressing motions to continue trial date held June 5, 2006. See Docket No. 115.

when it anticipates providing all required discovery to the defendants.  The court understands that the government may have already provided to the defense voluntarily some of its pretrial discovery relevant to this case.  The parties should be actively reviewing the documents which have already been made available and as they become available to the defense counsel from the government.

Upon receipt of the government's certification that discovery has been completed defense counsel will be afforded the opportunity to submit a proposed calendar for motion practice.  These proposals shall be filed within five days of the government's certification that discovery has been provided.  In order to facilitate efficient and speedy pretrial preparation the court may impose a separate filing date for motion practice based upon the class of motions such as:  (a) multiplicity or duplicity and defect contentions with respect to the indictment; (b) motions for bills of particular; (c) discovery motions; (d) motions to suppress statements; (e) motions to suppress evidence of searches or arrests; (f) motions for disclosure of confidential informants; (g) motions to sever counts or parties; (h) wire tap motions regarding ceiling and minimization, and wire tap motions regarding necessity requirements; (i) motions in limine; and (j) Rule 702 motions; and a time limit for the parties to locate any expert witnesses they intend to rely upon at trial and a time frame to be established by the court for written summaries of testimony from those intended to serve as expert witnesses.

Once a motion calendar is developed for this case, the court expects that counsel will strictly adhere to the time line which has been developed for motion practice.  Once this planning process is completed, the Court will not alter the calendar specified except for the most compelling of reasons.  Defense counsel may confer and as necessary include government counsel in the planning discussions for the purposes of developing a plan to accommodate the pretrial preparation of this case for all parties.

DATED this 6th day of June, 2006, at Anchorage, Alaska.

      /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge