MICHAEL FILIPOVIC
First Assistant Federal Public Defender
Attorney for Thomas P. Ranes
FEDERAL PUBLIC DEFENDER FOR THE
WESTERN DISTRICT OF WASHINGTON
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
Tel: (206) 553-1100
Fax: (206) 553-0120
E-mail:  Michael_Filipovic@fd.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.  3:06-cr-00041-RRB-JDR |
| | ) | |
| Plaintiff, | ) | DEFENDANT RANES'S MOTION |
| | ) | FOR PERMISSION TO FILE A |
| v. | ) | MOTION FOR A BILL OF |
| | ) | PARTICULARS, MOTION FOR BILL |
| THOMAS P. RANES, et al., | ) | OF PARTICULARS AND |
| | ) | SUPPORTING MEMORANDUM OF |
| Defendant. | ) | LAW |
| | ) | |

COMES NOW Thomas P. Ranes, the defendant herein, by his attorney, Michael

Filipovic, Assistant Federal Public Defender for the Western District of Washington, and

hereby moves this Court for an order, pursuant to Fed. R. Crim. P. 7(f), granting

permission to file a motion for a bill of particulars and directing the government to

provide a written bill of particulars of the offenses as requested.

Mr. Ranes requests a written bill of particulars clarifying the alleged conspiracy

and money laundering charges and describing the nature of the following overt acts and allegations in the second superceding indictment.  Specifically, Mr. Ranes asks the court to order the government to:

1.      Specify the quantity of 3,4 Methylenedioxymethamphetamine (MDMA) allegedly involved in the conspiracy alleged in Count 1.

2.      Specify under which provision of which statute the alleged death of Cody constitutes "murder," as alleged in OA16d.

3.      Identify the names of all alleged associates and co-conspirators presently known to the government and their addresses at the time of their alleged participation in the conspiracies alleged in Count 1 and Count 2 of the second superceding indictment.

4.      Identify the time, place and manner each alleged associate and co-conspirator allegedly joined each alleged conspiracy.

5.      Specify the approximate dates and locations of any meetings or conversations at which the government will contend that each alleged associate and co-conspirator allegedly joined each alleged conspiracy.

6.      Identify the names and addresses of alleged associates and co-conspirators identified as "other individuals," "a former conspirator and prospective competitor," "an employee of Ranes & Shine LLC," "a conspirator," "and others," or otherwise not

identified by name in the overt acts set forth at paragraphs OA3, OA4, OA5, OA11, OA33, and OA41.

      7.      Specify which provision of 18 U.S.C. § 1956 the defendant allegedly violated as charged in each of the money laundering counts, Counts 3-136.

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

## I.     INTRODUCTION

Mr. Ranes and his co-defendants have been charged with a 142-count second superceding indictment alleging conspiracy to import marijuana and ecstasy, in violation of 21 U.S.C. §§ 963, 952, 960(a), (b)(1) and (b)(3), conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), 134 counts of domestic money laundering, in violation of 18 U.S.C. §§ 1956(a)(1) and 2, and four counts of international money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(B)(I) and 2.

## II.     ARGUMENT

      **A.     A Bill of Particulars Is Necessary to Clarify the Complex Conspiracy and Money Laundering Charges.**

Rule 7(f) of the Federal Rules of Criminal Procedure provides:

> The court may direct a filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within 10 days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

1.      ***The Court Should Allow Mr. Ranes to File a Motion for a Bill of Particulars at this Time.***

With permission of the Court, Mr. Ranes may file make a motion for a bill of particulars more than ten days after the arraignment. Such permission is appropriate given the complexity of the indictment, the volume of discovery necessary to understanding the charges, the agreed upon continuance, and the lack of any prejudice to the government. The second superceding indictment includes a total of 142 counts, and the indictment is both lengthy and complex. In order to understand the charges against Mr. Ranes, defense counsel has had to digest voluminous discovery. Moreover, the government will not suffer any prejudice if this Court allows Mr. Ranes to file his motion for a bill of particulars at this time. By agreement of the parties, the trial date has been continued until October 15, 2007 – more than seven months from today's date.

2.      ***A Bill of Particulars Is Necessary to Enable Mr. Ranes to Prepare an Intelligent Defense, to Avoid Surprise at Trial, and To Protect Mr. Ranes Against Double Jeopardy.***

The purposes of a bill of particulars under Rule 7(f) are threefold: to enable the defendant to prepare an intelligent defense, to avoid surprise at trial, and to protect against double jeopardy. *Yeargain v. United States*, 314 F.2d 881 (9th Cir. 1963); *Gebhard v. United States*, 422 F.2d 281, 285 (9th Cir. 1970); *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973); *United States v. Radetsky*, 535 F.2d 556 (10th Cir. 1976); *United Stats v. Cantu*, 557 F.2d 1173 (5th Cir. 1977). These are practical considerations, and it is by the practical needs of the defendant that the instant motion must be judged.

That a complaint may be specific enough to withstand a motion to dismiss is thus

irrelevant to the propriety of requiring a bill of particulars.

Rule 7(f) was amended in 1966 for the express purpose of liberalizing, in

defendant's favor, the district court practice.  The Advisory Committee Note to the 1966

amendment explains:

> The amendment to the first sentence eliminating the
> requirement of a showing of cause is designed to encourage a
> more liberal attitude by the Court towards bills of particulars
> without taking away the discretion which Courts must have in
> dealing with such motions and individual cases.  For an
> illustration of wise use of this discretion, see the opinion of
> Justice Whittaker written when he was a District Court Judge
> in *United States v. Smith*, 16 F.R.D. 372 (W.D. Mo. 1954).

The courts have recognized this liberalization.  *See Nesson v. United States*, 388 F.2d 603

(1st Cir. 1967); *United States v. Addoinizio*, 451 F.2d 49 (3rd Cir. 1972); *King v. United

States*, 402 F.2d 289 (10th Cir. 1968).  A district judge who denies the request for

particulars must articulate in the record his reason for denial.  *United States v. Wells*, 387

F.2d 807, 808 (7th Cir. 1967).

In determining a motion for a bill of particulars, the defendant must be presumed

ignorant of any facts relevant to the complaint in the case.  As Judge, later Justice,

Whittaker stated in *United States v. Smith, supra*, at 374:

> Only if [the defendant] is presumed guilty could he know the
> facts and details of the crime.  Instead of being presumed
> guilty he is presumed innocent.  Being presumed innocent, it
> must be presumed that he is ignorant of the facts on which the
> pleader found his charges . . . These conclusions seem to be
> elementary, fundamental and inescapable.

And when further information is requested for the indicated purposes, it is:

> . . . to be granted even though it requires the furnishing of
> information which in other circumstances would not be
> required because evidentiary in nature, and an accused is
> entitled to this "as of right" [citation omitted].

*Smith*, 16 F.R.D. at 374-375; *see also King*, 402 F.2d 289.

The need for a bill of particulars is often necessary in a conspiracy case.  As noted

by the Supreme Court:

> A conspiracy case carries with it the inevitable risk of
> wrongful attribution and responsibility to one or more of the
> multiple defendants.  Under these circumstances it is
> especially important that the defense, the judge, and the jury
> should have the assurance that the doors that may lead to truth
> have been unlocked.  In our adversary system for determining
> guilt or innocence, it is rarely justifiable for the prosecution to
> have exclusive access to a storehouse of relevant fact.
> Exceptions to this are justifiable only by the clearest and most
> compelling considerations.

*Dennis v. United States*, 384 U.S. 855, 873 (1966) (internal citations omitted).  In a

conspiracy case, the government must demonstrate that the defendant both knew of the

conspiracy and acted in furtherance of it.  *See United States v. Melvin*, 91 F.3d 1218,

1225 (9th Cir. 1996).  In *United States v. Barrentine*, 591 F.2d 1096, 1077 (5th Cir.

1979), the court noted that a bill of particulars is a proper procedure for discovering the

*U.S. v. Thomas P. Ranes et al.*
3:06-cr-00041-RRB-JDR                                    6

names of unindicted co-conspirators who the government plans to call as a witness.

In a complex conspiracy such as the one charged, it is often impossible for a

defendant to accurately determine the nature of the allegations charged without a bill of

particulars.  A bill of particulars is the appropriate remedy for a conspiracy indictment in

need of further clarification.  *See United States v. Inryco, Inc.*, 642 F.2d 290, 295 (9th Cir.

1981).  The need to clarify conspiracy charges was also addressed in *United States v.*

*Taylor*, 707 F. Supp. 696 (S.D.N.Y. 1989).  In *Taylor*, the defendant was charged with

several narcotics-related offenses including conspiracy.  Before trial, the defendant

moved for a bill of particulars and the court concluded that the following information was

necessary to the preparation of the defendant's defense and to define the crime charged

sufficiently to bar future prosecution for the same offense:

> 1.    The names of all persons whom the government will
>       claim at trial were co-conspirators, to the extent known
>       by the government.  The government is under a
>       continuing obligation to update this material as
>       necessary.  The government need not disclose the
>       addresses of the co-conspirators, through if
>       incarcerated, that fact should be made known.
>
> 2.    The date to the extent known, that each of the defendants
>       allegedly joined the conspiracy.
>
> 3.    The approximate dates and locations of any meetings
>       or conversations at which the government will contend
>       that [the defendant] joined the conspiracy.  Exact dates
>       shall be given if known by the government.

*Taylor*, 707 F. Supp. at 700.  Similar information is needed in the instant case to ensure

that Mr. Ranes is adequately apprised of the charges for which he has been indicted and

to protect him against future prosecution for the same offense

Mr. Ranes also needs clarification with regard to several of the overt acts alleged

to be in furtherance of the charged conspiracy and with regard to the domestic money

laundering counts.  His ability to accurately determine what actions are being charged as

criminal, and to defend against these charges, is seriously hindered by the vague nature of

the indictment.  The indictment does not identify under which provision of which statute

the government believes the alleged death of Tom Cody constitutes murder.  Moreover,

with regard to the domestic money laundering counts, the indictment does not specify

which provision of the statute, 18 U.S.C. § 1956, applies to which count.  Instead, the

indictment charges 134 counts and cites three provisions of the statute.

//

//

//

//

//

//

//

## III.    CONCLUSION

Because a bill of particulars will allow Mr. Ranes to prepare an intelligent and

adequate defense at trial, as contemplated by Rule 7(f), Mr. Ranes respectfully requests

this Court grant the motion.

DATED this 1st day of March, 2007.

/s/ Michael Filipovic
MICHAEL FILIPOVIC
WSBA No. 12319
First Assistant Federal Public Defender
Attorney for Thomas P. Ranes
Federal Public Defender
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
Tel. (206) 553-1100
Fax (206) 553-0120
Michael_Filipovic@fd.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 1, 2007, I electronically filed the foregoing

Defendant Ranes's Motion for Permission to File a Motion for a Bill of Particulars,

Motion for a Bill of Particulars and Supporting Memorandum of Law with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the

following: Assistant United States Attorneys Frank V. Russo, James N. Barkeley and

Shawn C. Fuller, Federal Building & U.S. Courthouse, 222 West 7th Avenue, #9, Room

253, Anchorage, Alaska 99513.

/s/ Michael Filipovic
MICHAEL FILIPOVIC
WSBA No. 12319
First Assistant Federal Public Defender
Attorney for Thomas P. Ranes
Federal Public Defender
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
Tel. (206) 553-1100
Fax (206) 553-0120
Michael_Filipovic@fd.org