MICHAEL FILIPOVIC
First Assistant Federal Public Defender
Attorney for Thomas P. Ranes
FEDERAL PUBLIC DEFENDER FOR THE
WESTERN DISTRICT OF WASHINGTON
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
Tel: (206) 553-1100
Fax: (206) 553-0120
E-mail: Michael_Filipovic@fd.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 3:06-cr-00041-RRB-JDR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DEFENDANT RANES'S MOTION FOR |
| THOMAS P. RANES, et al., | ) | DISCOVERY AND REQUEST TO JOIN |
| | ) | DEFENDANT SHINE'S MOTION TO |
| Defendant. | ) | COMPEL DISCOVERY |
| | ) | |

COMES NOW the defendant, Thomas P. Ranes, by his attorney, Michael Filipovic, Assistant Federal Public Defender for the Western District of Washington, and moves this Court for an order directing the government to respond to specific discovery requests, to order discovery, to set dates certain for particular categories of discovery and to clarify the standard for items subject to disclosure. Counsel certifies that he has conferred on these discovery requests with the government and reached agreement on some topics but not others.

Mr. Ranes made a written discovery request of the government. *See* Exhibit A at pages

1-5. The government has not yet filed a written response, but has verbally responded to the requests made in this letter. Attached in Exhibit B is a chart setting forth each of the written requests made by defendant Ranes along with the verbal response of the government to those requests.

In addition to the specific requests made by this motion, counsel for defendant Ranes requests permission of the court to join in defendant Nopenon Dennis Shine's Motion to Compel Discovery filed on February 27, 2007. *See* Docket No. 372.

In support of this motion, counsel for the defendant states the following:

1. Undersigned counsel was appointed to represent Mr. Ranes and entered a notice of appearance on August 11, 2006.

2. At the time of counsel's appointment Mr. Ranes was accused of participating in a drug trafficking conspiracy and money laundering in a multi-count First Superseding Indictment, which had been filed on June 21, 2006..

3. The matter was proceeding on a track to possible settlement with the government until the government made a significant change in its charging documents by filing a Second Superseding Indictment, which now alleged that Mr. Ranes was responsible for the murder of an unindicted co-conspirator, Thomas Cody. This Second Superseding Indictment was filed on December 15, 2006.

4. Thus, defense counsel is now required to not only defend a drug trafficking and money laundering case but also a homicide accusation made in the Second Superseding Indictment. This also greatly expanded the discovery issues and the defense approach to pretrial motions practice.

5. As a result of this additional allegation, the defense requested a lengthy continuance of the trial date, which was granted to October 15, 2007.

6. On December 27, 2006, defense counsel sent the government a written discovery request. *See* Exhibit A.

7. The government filed its Discovery Conference Certificate on December 29, 2006, Docket No. 337. At the time it filed that certificate, discovery was far from complete. After that date, undersigned counsel traveled to Anchorage, Alaska on two occasions to review discovery at the offices of the DEA. Copies of additional items of discovery have been provided by the government and the discovery process is ongoing.

7. In addition to the issues identified in Defendant Shine's Motion to Compel Discovery, the Court is requested to address the following items which are either in dispute or require clarification by the Court.

    **A**.    **Expert Witnesses. Rule 16(a)(1)(G)**.

The Court is respectfully requested to direct that the government comply with this requirement and provide a "written summary of any [expert] testimony" by a date certain. The government has stated that it would provide this in sufficient time for the defense to retain its own expert witnesses, if necessary, but has not specified its view on this topic. Defendant Shine states that the government should be ordered to comply with this requirement no later than June 2007. Defendant Ranes states that he would need a **minimum** of ninety days before trial to obtain this information in order to find an appropriate defense expert who would be able to review this evidence and be available for an October 15, 2007 trial. Given the amount of time that the government has had access to this evidence and its access to both State of Alaska and

federal crime labs, directing a response by June 2007 gives the government more than sufficient time to comply with an order and gives the defense time to retain its own expert and conduct its independent evaluations if necessary.

> **B.    *Brady/Giglio* material relating to evidence inconsistent with government witnesses claims concerning the alleged killing of Mr. Cody.**

The defendant Ranes advised the government that it believed the following information would constitute exculpatory information under *Brady v. Maryland*:

> Any evidence whatsoever, including statements of witnesses, co-defendants, informants or cooperators which is inconsistent in any fashion with any government witnesses who claim that they either witnessed the alleged killing of Mr. Cody or claimed that they heard statements made by one of the defendants or conspirators concerning the alleged killing.

Exhibit A. at page 3.

The government verbally advised defense counsel that we would have to "agree to disagree" on this assessment of what constitutes *Brady* material.

We respectfully request that the Court direct the government to provide such information to defense counsel under its continuing obligation to disclose exculpatory evidence. The government has not provided defense counsel with statements made by co-defendants, informants or cooperators. However, the government has told defense counsel that its evidence at trial will include such witnesses who claim that Mr. Ranes had made incriminating statements to them concerning the alleged homicide. It is believed that some of the government's witnesses in this regard are co-defendants or unindicted co-conspirators who have strong motives to

fabricate in order to avoid prosecution, mitigate punishment or obtain some other benefit from the government. The testimony of such witnesses has long been recognized as suspect by the courts and should be viewed by the finder of fact with great caution. *See* 9th Cir. Crim. Jury Instr. 4.10 and 4.11. It has also been documented that testimony by accomplices, co-defendants and informants has been one of the greatest sources of wrongful convictions. *See* http://www.innocenceproject.org/understand/Snitches-Informants.php.

      In the typical criminal prosecution involving cooperating witnesses expecting benefit for their testimony, the government makes the argument that it has corroborated the witness's testimony with other direct and circumstantial evidence in the case, thus lending credibility to an otherwise incredible witness. Therefore, any evidence tending to contradict or impeach that witness's testimony must be made available to the defense as exculpatory information. Specifically, if there is any evidence known to the government that is inconsistent with any aspect of such a witness's debriefing statements or expected testimony at trial, the defendant is entitled to receive that information for purposes of impeachment and cross-examination. Similarly, if the government has debriefed other defendants who have provided information that is either inconsistent with the version of events set forth by the government's testifying witness or provided information that would impeach or bear on the credibility of the government's testifying witness, that information is also exculpatory and must be provided to defense counsel.

      *Giglio v. United States*, 405 U.S. 150 (1972), places a clear and unmistakable burden on the government to disclose favorable evidence for the defense that could be used to impeach government witnesses. This doctrine has been employed to require disclosure of a wide variety of evidence. *See, e.g., Ellsworth v. Warden*, 333 F.3d 1, 8 (1st Cir. 2003) (intake note indicating

victim had history of lying about sexual abuse because note cast doubt on victim's testimony); *Leka v. Portuondo*, 257 F.3d 89, 104-108 (2d Cir. 2001) (due process violated by delayed disclosure of witness whose testimony contradicted testimony of other witnesses); *U.S. v. Pelullo*, 105 F.3d 117, 123 (3d Cir. 1997) (due process violated by failure to produce FBI agent's notes and FBI surveillance tapes because evidence could have been used to impeach key government witness whose credibility was central to case), *aff'd*, 173 F.3d 131 (3d Circ. 1999); *U.S. v. Sipe*, 388 F.3d 471, 491-92 (5th Cir. 2004) (failure to disclose full extent of benefits procured by two testifying aliens and another witness's statement about negative feelings toward defendant when evidence could have been used for impeachment); *U.S. v. O'Conner*, 64 F.3d 355, 359-60 (8th Cir. 1995) (failure to disclose witness's attempt to influence testimony of another witness during trial because witness's testimony was the only evidence against defendant); *Benn v. Lambert*, 283 F.3d 1040, 1054-60 (9th Cir. 2002) (failure to disclose that key witness was drug user, lied to police, and was not prosecuted for drug abuse, though prosecution disclosed the witness's sentence had been reduced and his food and motel bills paid for by the state); *Jacobs. v. Singleterry*, 952 F.2d 1282, 1287-89 (11th Cir. 1992) (failure to disclose witness's statements to polygraph examiner regarding doubt as to defendant's role in shooting because statements contrary to witness's testimony at trial supported defendant's claim of innocence); *U.S. v. Cuffie*, 80 F.3d 514, 518 (D.C. Cir. 1996) (failure to disclose evidence of witness's prior perjury though witness had already been impeached on bases of cocaine addiction, cooperation with prosecution, incentives to lie, and violation of oath as police officer; "undisclosed impeachment evidence can be immaterial because of its cumulative nature only if the witness was already impeached at trial by the same kind of evidence"). Thus, with respect to

cooperating government witnesses, evidence and information that qualifies as exculpatory under *Giglio* has been interpreted broadly. The Court is respectfully requested to direct the government to comply with this request under a pretrial standard, *i.e.*, any evidence which tends to help the defense by either bolstering the defense's case or impeaching prosecution witnesses.

        **C.**    **Statements of Co-Defendants.**

The government has stated that it will agree to disagree on whether it is required to provide these statements to defendant Ranes.

It is respectfully requested that the government be directed to provide copies of the statements made by all co-defendants, if it seeks to introduce those statements at trial, so that counsel can determine whether there is a viable basis for severance. For example, undersigned counsel has been advised that both Mr. Shine and Mr. Ranes have allegedly made incriminating statements to different individuals, *i.e.*, Mr. Shine has made statements to one or more individuals and Mr. Ranes has made statements to one or more individuals. The admission of such statements by Mr. Shine may be a basis for a pretrial motion for severance by Mr. Ranes.

A severance may be ordered for prejudice resulting from: (1) the defendant's antagonistic or mutually exclusive defenses, *Zafiro v. United States*, 506 U.S. 534, 438 (1993); (2) a co-defendant's refusal to give exculpatory testimony in a joint trial due to the potential for self-incrimination; *United States v. Castro*, 887 F.2d 988, 998 (9th Cir. 1989); or (3) the introduction of a co-defendant's extrajudicial confession that incriminates the defendant even when introduced only against the co-defendant; *Bruton v. United States*, 391 U.S. 123, 137 (1968); *United States v. Mayfield*, 189 F.3d 895, 902 (9th Cir. 1999). Without access to the substance of these statements, the defendant cannot determine whether there is a basis for a motion to sever.

The Court is respectfully requested to direct the government to provide defendant Ranes with the statements of all co-defendants which the government seeks to introduce at trial.

### D.     The Pretrial Notice of Rule 404(b) Evidence.

The government has stated that it would put this notice in its trial brief.

Defendant Ranes respectfully requests that the Court direct the government to provide this information ninety days prior to the October 15, 2007, trial date. Defendant Ranes needs sufficient time to be able to defend against evidence of additional crimes, wrongs or bad acts and will not have sufficient time to conduct defense investigation and prepare to defend against these accusations if first made shortly before trial.

### E.     The Materiality Standard for Brady Material as Applied to the Homicide Allegation.

The defendant respectfully requests that the government be directed to articulate its position on this standard. If the government agrees that the pretrial standard for favorable evidence is any evidence relating to guilt or punishment which tends to help the defense by either bolstering the defense's case or impeaching prosecution witnesses, then the Court is not requested to make any further ruling on this topic. However, if the government takes the view that its pretrial standard for disclosure of *Brady* and *Giglio* material is the same as the appellate standard of review, the defendant respectfully requests the Court enter an order clarifying that standard and directing the government to comply with a pretrial standard of discovery for evaluating this type of evidence.

####    F.    Timing of *Brady* Disclosures.

The government has stated that it will provide Brady information in a timely fashion. Undersigned counsel interprets this to mean that once the government obtains *Brady* information, it will promptly turn that material over to the defense and will not delay disclosure until shortly before trial.

If the government's view of "timely" disclosure is something other than that stated, it is respectfully requested that the government set forth its view of timely disclosure and that the Court make a ruling on this issue.

DATED this 1st day of March, 2007.

/s/ Michael Filipovic
MICHAEL FILIPOVIC
WSBA No. 12319
First Assistant Federal Public Defender
Attorney for Thomas P. Ranes
Federal Public Defender
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
Tel. (206) 553-1100
Fax (206) 553-0120
Michael_Filipovic@fd.org

CERTIFICATE OF SERVICE

    I hereby certify that on March 1, 2007, I electronically filed the foregoing Defendant Ranes's Motion for Discovery and Request to Join Defendant Shine's Motion to Compel Discovery with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorneys Frank Russo, James N. Barkeley and Shawn C. Fuller, Federal Building & U.S. Courthouse, 222 West 7th Avenue, #9, Room 253, Anchorage, Alaska 99513.

    /s/ Michael Filipovic
MICHAEL FILIPOVIC
WSBA No. 12319
First Assistant Federal Public Defender
Attorney for Thomas P. Ranes
Federal Public Defender
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
Tel. (206) 553-1100
Fax (206) 553-0120
Michael_Filipovic@fd.org