NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
SHAWN FULLER
Assistant U.S. Attorneys
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
frank.russo@usdoj.gov
shawn.fuller@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | Case No. 3:06-cr-00041-RRB |
| ) | |
| Plaintiff,  ) | |
| ) | RESPONSE IN PARTIAL |
| vs.  ) | OPPOSITION TO |
| ) | DEFENDANTS' MOTION FOR |
| THOMAS P. RANES, and  ) | BILL OF PARTICULARS |
| NOPENONE DENNIS SHINE,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

COMES NOW, the United States of America, by and through undersigned counsel, and hereby responds to the defendant's motion for permission to file a bill of particulars, filed on March 1, 2007 at docket 373.   Defendant Shine has joined

in Requests one through six of this motion at docket 377.  Except as set forth herein, the United States opposes the motion, as it has properly tracked the language of the statutes and provided over 3000 pages of discovery, as well as hundreds of audio and video recordings, to the defendants that outline the conspiracy and money laundering charges that the defendants claim lack specificity.  That is all that is legally required.

At the outset, the United States notes that several of the defendant's requests seek to clarify language that was not changed in the latest superseding indictment.  Accordingly, the time for attempting to clarify such language by a motion for a bill of particulars has long past.  Indeed, the Court specifically stated that it would only entertain motion practice on the new allegations of the Second Superseding Indictment.  Therefore, requests 1, 3,4, and 7, as well as most of request 6, should be denied on this basis alone.  Nevertheless, the United States will state its position on each.

Law Applicable to Requests for Bills of Particulars

The legitimate purposes of a bill of particulars are extremely limited.  Under Rule 7(f) of the Federal Rules of Criminal Procedures, the only purposes of a bill of particulars are to give a defendant sufficient information about the charges against him in order to:  (1) fairly apprise him of the nature of the charge so that he

may prepare his defense and avoid prejudicial surprise at trial, and (2) enable him to plead his conviction or acquittal as a bar to a second prosecution for the same offense.[1]  See e.g., United States v. Ayers, 924 F.2d 1468 (9th Cir. 1991); United States v. Drebin, 557 F.2d 1316, 1325 (9th Cir. 1977); Cook v. United States, 354 F.2d 529, 531 (9th Cir. 1965); Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963).

As far as the government is aware, the defendant has never previously been convicted of any offense related to the charges contained in the indictment.  The only pertinent question, therefore, is "whether adequate notice of the charge has been given to the defendant."  Wright, Federal Practice and Procedure, Criminal § 129, p. 289 (West 1969).  To fulfill these purposes, the indictment need only allege the essential elements of the offenses within the language of the statute.  United States v. Tavelman, 650 F.2d 1133, 1137 (9th Cir. 1981); United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982); United States v. Lurz, 666 F.2d 69, 78 (4th Cir. 1981).  Thus, "an indictment needs do little more than to track the language of the

---

[1] The threat of double jeopardy has been substantially reduced by statute, e.g., 28 U.S.C. § 1731, and case law, e.g., Russell v. United States 369 U.S. 749, 764 (1962); United States v. Haldeman, 559 F.2d 31, 126 (D.C. Cir. 1976), by giving all defendants recourse to the entire trial record should they ever have to plead former jeopardy.  See also Note, Indictment Sufficiency, 70 Colum.L.Rev. 876, 885 (1970).

statute charged and state the time and place (in approximate terms) of the alleged crimes." United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975).

The Ninth Circuit has stated that if a defendant has failed to allege a defect in discovery or some surprise, a bill of particulars is properly denied. United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984) (no abuse of discretion in denying a motion for a bill of particulars when defendant failed to allege full discovery not afforded or unfair surprise); United States v. Burt, 765 F.2d 1364, 1366 (9th Cir. 1985) (bill of particulars properly denied where the defendant did not demonstrate surprise, prejudice or increased risk of double jeopardy). The test for determining whether to grant a bill of particulars is whether it is necessary, not whether it is helpful. United States v. Weinberg, 656 F. Supp. 1020, 1029 (E.D.N.Y. 1987). Moreover:

> When the demand goes "to the government's proof rather than to a clarification of the indictment it cannot be granted on a motion for bill of particulars."

United States v. Tallant, 407 F. Supp. 878, 890 (N.D. Ga. 1975) (citations omitted).

A defendant may not use a motion for a bill of particulars to inquire into the means or manner by which a defendant committed a specific criminal act. See, e.g., United States v. Gray, 464 F.2d 632, 635 (8th Cir. 1972) (manner of offense); Ellis v. United States, 321 F.2d 931, 932 (9th Cir. 1963) (denied bill of particulars

requesting information regarding means used by defendant to aid and abet offense); Pines v. United States, 123 F.2d 825 (9th Cir. 1941) (disclosure of manner and means not required). Furthermore, the defendant may not use a bill of particulars to seek disclosure of the identity of any unindicted coconspirators. United States v. Dicesare, 765 F.2d 890, 897-98 (9th Cir. 1985).

Where, as in this case, the indictment and discovery give the necessary details of the offenses alleged, the defendant is not individually entitled to a bill of particulars. United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984); United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983); United States v. Chenaur, 552 F.2d 294, 300-302 (9th Cir. 1977); Drebin, 577 F.2d at 1325; United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973). The defendant has had open access to all of the discovery in this case and has received copies of much of the discovery. The dates, times, and locations of the various events the defendant seeks are set forth as specifically as possible in both the indictment and the discovery made available to him.

The Defendant's Specific Requests

**Request 1** demands the specific quantity of MDMA allegedly involved in the Conspiracy alleged in Count 1. The United States objects to this request because the United States has properly tracked the statute involving importation of

controlled substances. United States v. Ely, 142 F.3d 1112, 1120 (9th Cir.1997); see also United States v. Woodruff, 50 F.3d 673, 676 (9th Cir.1995) (holding that "bare bones" information that tracks the statutory language is generally sufficient). The statute does not require proof of any specific quantity of MDMA. See 21 U.S.C. § 960(a), (b)(3). Nevertheless, the United States has specified an approximate quantity in overt act 16. Moreover, the discovery provided in Title III audiotapes also confirm that defendant Ranes was conspiring to import an additional quantity of MDMA.

**Request 2** demands which provision of which statute the alleged death of Cody constitutes "murder." The United States has used this term in the Second Superseding Indictment as it is defined in the United States Sentencing Guidelines, §§ 2A1.1 and 2A1.2.

**Requests 3, 4 and 5** demand the names of co-conspirators, their addresses, and the time, place and manner which they joined the conspiracy, as well as locations where they joined the conspiracy. The United States objects to these demands because they go to the government's proof rather than to a clarification of the indictment. Moreover, the defendant is not entitled to the names of unidentified co-conspirators. Dicesare, 765 F.2d at 897-98 (9th Cir. 1985); United States v. Burt, 765 F.2d 1364, 1367 (9th Cir. 1985). With respect to exact times

and places, such detailed disclosure is not required by bills of particulars. See Dicesare, 765 F.2d at 897-98; United States v. Long, 449 F.2d 288, 294-95 (8th Cir. 1971) (exact times not required).

An indictment need not allege the government's theory of the case or detail the evidence to be presented at trial. See United States v. Mustachio, 968 F.2d 782, 787 (9th Cir.1991); see also United States v. Cochrane, 985 F.2d 1027, 1031 (9th Cir.1993). See, e.g., Gray, 464 F.2d at 635 (8th Cir. 1972) (manner of offense); Ellis, 321 F.2d at 932 (9th Cir. 1963) (denied bill of particulars requesting information regarding means used by defendant to aid and abet offense); Pines v. United States, 123 F.2d 825 (9th Cir. 1941) (disclosure of manner and means not required). Here, the counts of the indictment track the language of the statute, and sets forth approximate dates and places. This is all that is necessary to apprise the defendant of his applicable conduct.

**Request 6** demands the names and addresses of the individuals referred to in various overt acts set forth in the indictment. With respect to overt act 3, this information has already been provided in discovery. See Bates Stamp 5901. The balance of the request is tantamount to a demand for a witness list. The defendant has no right to a list of prosecution witnesses through the bill of particulars. United States v. Pena, 542 F.2d 292 (5th Cir. 1976); see also United States v.

<u>Tanner</u>, 279 F. Supp. 457 (S.D. Ill. 1967) (names and addresses of persons alleged to have been victimized by defendants were not required to be supplied by bill of particulars where offenses charged were not primarily ones directed against a single or specific victim).  Witness statements and information affecting witnesses' credibility will be provided in accordance with the <u>Jencks</u> Act.  Moreover, the United States cannot find any of the alleged ambiguities referred to in overt acts 5, 11, 33, and 41.

**Request 7** demands which provision of 18 U.S.C. § 1956 the defendant allegedly violated.  The United States has charged that the defendant violated three of the four possible subsections of money laundering statute.  Accordingly, the defendant should prepare for all three of these ways in which to violate the statute.  The conduct at issue is the same.  Thus, the United States has properly tracked the statute and put the defendant on notice of all of the grounds in which he violated the statute.

## Conclusion

The 30-page indictment clearly informs the defendant of the charges, the approximate dates of the offenses, and the location of the alleged crimes.  It provides a road map to the defendant that sets forth the nature of the charges, manner and means of the commission of offense, and 56 overt acts in furtherance

of the underlying conspiracy.  In so doing, it allows the defendants to prepare their defense and avoid surprise at trial.  Through discovery, the defendants know the specifics about the charges.  Indeed, based on discovery, the defendant has located and interviewed potential government witnesses and other witnesses.  Accordingly, the charges, conduct, and penalties at issue should come as no surprise.  Thus, the court should therefore deny the defendant's motion for further particulars.

RESPECTFULLY SUBMITTED this 9th day of March, 2007 in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Frank V. Russo
FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true
and correct copy of the foregoing was sent to
the following counsel of record on March 9, 2007, via:

(X )Electronic Filing

Michael Filipovic and Michael Dieni

Executed at Anchorage, Alaska, on November 8, 2006

s/ Frank V. Russo
Office of the U.S. Attorney

U.S. v. RANES et al.
3:06-cr-00041-RRB                              9