# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA

                Plaintiff,

vs.

**(01) Thomas P. Ranes**,
**(02) Nopenon Dennis Shine**,
(03) Dylan N. **Bales**,
(04) Curtis H. **McDonald**,
(05) Kevin A. **Browning**,
(06) Robert H. **McDonald**,
(07) Joshua S. **Murphy**,
(08) Justin **Killian**,
(09) Rodney W. **Rhoden**,
(10) James Robert **Ranes**,
(11) Samuel Joseph **Matechuk**,
(12) Mitchell S. **Leblanc**,
(13) Daniel J. **Kneitel**,
(14) Kurtis R. **Croy**,
(15) Kyle **McDonald-Wolochatiuk**,
(16) William C. **Yancey**,
(17) Yin Tak **MIU**,

                Defendants.

3:06-CR-00041-RRB-JDR

<u>**ORDER**
**REGARDING  DISCOVERY**</u>

(Docket Nos. 372 - 375)

Defendant **Nopenon Dennis Shine** moves to compel discovery, Docket No. 372.  Defendant **Thomas Ranes** moves for a bill of particulars, Docket

No. 373.  Ranes also moves for discovery, and has joined co-defendant Shine's motion to compel discovery.  Docket No. 374. Defendant Ranes joined Shine's motion to compel discovery at Docket No. 375.  Defendant Shine joined Defendant Ranes' motion for discovery at Docket No. 378. The government filed a partial opposition to defendants' motions for discovery.  Docket No. 386, and a response and partial opposition to the defendants' motion for bill of particulars, Docket No. 387.  Defendant Shine filed a reply to the government's partial opposition to discovery requests.  Docket No. 400.  Ranes filed a joinder.  Docket No. 402. Defendant Ranes filed a reply to the government's response in partial opposition to defendants' motions for discovery.  Docket No. 403.  Upon due consideration of the parties' pleadings regarding discovery *the motions are granted in part and denied in part.*

### Request for Rough Notes (Shine's Request 1 and 4)

The government provided summaries of two statements made by Shine to law enforcement officers.  He now requests production of any rough notes in which those statements are contained.  He relies upon Federal Criminal Rule 16(a)(1)(A), Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Harris, 543 F.2d 1247 (9th Cir. 1976).  The criminal rule cited provides that the government must disclose to the defendant upon request the substance of any relevant oral statement made by the defendant before or after arrest in response to interrogation by a person

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

2

3-06-cr-00041-RRB-JDR          ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
                              Signed by Judge John D. Roberts          04/10/2007; Page 2 of 25

the defendant knew was a government agent if the government intends to use the statement at trial. Harris holds that the FBI must preserve original notes taken by agents during interviews with prospective government witnesses or with the accused so that the court may determine what evidence must be produced pursuant to the Jencks Act, or other applicable law. The United States has acknowledged its responsibility to retain these rough notes and examine them for exculpatory material pursuant to Brady v. Maryland and its progeny. The United States should be prepared to produce the rough notes as part of its Jencks Act material.

The rough notes per se do not constitute "a statement" within the meaning of Federal Criminal Rule 16(a)(1)(A), and need not be provided as pretrial discovery with respect to witnesses. However, "rough notes" qualify as a written record under Rule 16(a)(1)(B)(ii), which requires the disclosure of "the portion of any written record" containing the substance of such an oral statement. *See* United States v. Clark, 385 F.3d 609, 619 (6th Cir. 2004). To the extent that the defendants' request the production of rough notes of their own interrogation that request is hereby GRANTED. The government shall instruct all federal, state and local agents involved in this case to maintain and make available for review by the prosecutor(s) all of their notes during the pendency of this case regardless whether reports are prepared from those notes.

//

**Request for Tangible Evidence**

Rule 16(a)(1)(E) requires the government to disclose upon request the defendant's books, papers, documents, data, photographs and tangible objects, if the item is within the government's possession, custody or control and is material to the preparation of a defense, intended by the government for use in its case-in-chief at trial, or obtained from or belongs to the defendant.[1]  The government views this request as one for general favorable evidence under <u>Brady</u>.  That view is too narrow.  The defendant's request for documents and objects in accordance with Rule 16(a)(1)(E) is granted and such items should be produced regardless of whether they have exculpatory value.

Under Criminal Rule 16 the defendant is entitled not only to the substance of any relevant oral statement made to a law enforcement officer in response to interrogation but also any written or recorded statement if the statement is within the government's possession, custody or control and the prosecutor knows or through due diligence could know that the statement exists.  The defendant's request for written or recorded statements consistent with Rule 16(a)(1)(B) is GRANTED.

---

[1] Rule 16(b) cited by Shine, addresses the defendant's obligation for disclosure of information.

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

4

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR          Signed by Judge John D. Roberts          04/10/2007; Page 4 of 25

The generic request for "all statements" is DENIED.  Discovery of agents' reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of this case are specifically not authorized under the rule for production as discovery whether or not the statement is producible as Jencks Act material.  Rule 16(a)(2).  The request for pretrial discovery of the agents' reports is therefore DENIED except where the reports or portions of it may constitute <u>Brady</u> material.

### Request for Prior Records

Upon a defendant's request the government must furnish the defendant with a copy of his prior criminal record that is within the government's possession, custody or control or through due diligence could become known to the government's attorney.  Rule 16(a)(1)(D), Federal Rules of Criminal Procedure.  This request is not opposed and is therefore GRANTED.

### Requests for Other Act Evidence

Defendants seek disclosure of any prior arrests, convictions or bad acts that the government might intend to use as admissible evidence under Federal Rules of Evidence 404(b) and 609.  The request includes any computerized records of the defendant's criminal history.  Evidence Rule 404(b) gives the trial judge discretion to admit evidence for certain purposes even though that evidence might ostensibly fall within the purview of the rule disallowing evidence to be used to

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

5

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR          Signed by Judge John D. Roberts          04/10/2007; Page 5 of 25

prove the defendant's bad character or to show that he acted in conformity with a prior bad act.  Rule 404(b) is a rule of inclusion, and evidence of a prior bad act is admissible whenever relevant to an issue other than a defendant's criminal propensity.  United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1983).

Neither Rule 404(b) of the Federal Rules of Evidence or Federal Criminal Rule 16 require the government to give prior notice of its intent to use Rule 404(b) evidence.  United States v. Miller, 520 F.2d 1208, 1211 (9th Cir. 1975). Pretrial disclosure of such evidence is not constitutionally compelled.  United States v. Kendall, 766 F.2d 1426, 1440-41 (10th Cir. 1985).

Ordinarily the usual procedure for introducing Rule 404(b) evidence affords the defendant sufficient notice and an opportunity to avoid undue prejudice therefrom.  At trial the defendant may be granted a fair opportunity to meet the impact of such evidence.  On the other hand, such evidence could lead to a defendant's motion in limine to allow the court to address the matter prior to the commencement of trial.  Upon due consideration, **it is hereby ordered that the government notify the defendant at least fourteen (14) days prior to trial as to what evidence, if any, it intends to offer pursuant to Federal Rule of Evidence 404(b).**

//

//

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

6

3-06-cr-00041-RRB-JDR                ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
                                      Signed by Judge John D. Roberts          04/10/2007; Page 6 of 25

**Information Regarding Bias or Potential Impeachment of
Government Witnesses (Shine's Requests 2, 5, 6, 7, 8, 10, 12, 15 & 18);
(Ranes' Request B, E & F)**

The government has acknowledged its obligations under <u>Brady v.
Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and
their progeny to disclose evidence favorable to the defendant where such evidence
is material to guilt or punishment. The <u>Brady</u> rule has been extended to include
impeachment evidence. <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985). The
government does not oppose the specific requests enumerated above but has
described its assessment of its <u>Brady</u> obligations under the law. The discovery
motion and supporting memorandum of Ranes serves to provide the government
with notice as to what scenarios Ranes considers to fall within the category of
exculpatory information under <u>Brady v. Maryland</u>.[2]

Ranes complains that the government has not provided as discovery
statements made by co-defendants, informants or co-conspirators. The government
is not required to provide non-exculpatory statements to the defendants prior to trial
or to identify its witnesses in a non-capital case. <u>United States v. Steel</u>, 759 F.2d
706 (9th Cir. 1985).

---

[2] For example, statements of witnesses, co-defendants or informants that
are inconsistent with any government witness's claim that they either witnessed
the killing of Mr. Cody or heard statements made by a defendant or co-
conspirator concerning the alleged killing would constitute <u>Brady</u> material.

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd                    7

3-06-cr-00041-RRB-JDR          ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
                               Signed by Judge John D. Roberts          04/10/2007; Page 7 of 25

Disclosure of any informant must comply with <u>United States v. Roviaro</u>, 353 U.S. 53 (1957).    The Due Process Clause does not necessarily require identification of an undercover informer.  The general standard for disclosure of an informant's identity is set forth in <u>Roviaro v. United States</u>, 353 U.S. 53 (1957), which states:

> Where the disclosure of an informant's identity or the contents of his communications is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the privilege must be waived.  In these situations, the trial court may require disclosure and, if the government withholds the information, dismiss the action. <u>Id</u>. at 60-61.  <u>See</u> <u>also</u> <u>Weatherford v. Bursey</u>, 429 U.S. 545 (1977).  Four considerations are relevant with respect to disclosure.  These are:  (1) the crime charged, (2) the possible defense, (3) the possible significance of the informant's testimony, and (4) the other relevant factors.

A defendant must meet this standard before the government is required to reveal the identity of an informant.

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

8

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR                Signed by Judge John D. Roberts                04/10/2007; Page 8 of 25

Ranes seeks disclosure of evidence that is "inconsistent with any aspect of [a] witness's debriefing statements or expected testimony at trial." Docket No. 374, p.5.  *See also* Exhibit A to Ranes's motion for discovery wherein Mr. Flipovich's letter to AUSA Frank Russo dated December 27, 2006 contends that the proper pretrial standard as to what information can be considered "favorable" to the defendant is "any evidence relating to guilt or punishment 'which tends to help the defense by either bolstering the defense's case or impeaching prosecution witnesses,'" citing United States v. Sudikoff, 36 F. Supp 2d 1196 (C.D. CA 1999).

In Sudikoff the trial judge was called upon to determine whether certain proffers and related materials were discoverable.  The district judge concluded that Brady material did not include inadmissible evidence that would not lead to admissible evidence.  Rather, Brady requires disclosure of exculpatory information that is either admissible or is reasonably likely to lead to admissible evidence.  36 F. Supp. 2d at 1200.  The court held that Brady does not require the disclosure of information that would only assist the defense in creating its trial strategy.  Id. at 1201.  With regard to the particular facts of the case the court held that proffers of an accomplice witness that led to a leniency agreement and information that revealed the negotiation pursuant to which the agreement was reached might reasonably be considered favorable to the defendant's case and thus fall within the

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

9

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR            Signed by Judge John D. Roberts            04/10/2007; Page 9 of 25

Brady standard.[3]  The court agrees with the defendant that the government should strive to comply with the spirit of Brady not just the appellate standard for a Brady violation to avoid a reversal of any judgment of any conviction.

Both parties have cited case law addressing whether particular evidence or information qualifies as exculpatory under Brady and Giglio.  Ranes requests the court to order the government to provide as pretrial discovery "any evidence which tends to help the defense by either bolstering the defense's case or impeaching prosecution witnesses."  Docket  No. 374, p.7.  Case law is clear that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or the bad faith of the prosecution.  See Brady, 373 U.S. at 87.  It is also clear that the prosecutor's duty to disclose exculpatory information includes such information known to other agents of the government.  Giglio, 405 U.S. at 154.  "[E]vidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"  Strickler v. Greene, 527 U.S. 263, 280 (1999), quoting United States v. Bagley, 473 U.S. 667, 682 (1985).

---

[3] To the extent that a leniency agreement is like a contractual plea bargain it is difficult to envision how all negotiations between the parties would necessarily likely lead to admissible evidence.

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

10

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR          Signed by Judge John D. Roberts          04/10/2007; Page 10 of 25

It is true that in the <u>Brady</u> context "favorable" evidence relates to guilt or punishment.  The meaning of "favorable" also includes evidence which tends to help the defense by either bolstering the defense's case or impeaching prosecution witnesses.  See <u>Giglio</u>, 405 U.S. at 154-55.

In <u>Sudikoff</u>, the trial court ruled that the usual "materiality" standard of <u>Brady</u> should not apply in the context of the facts of that case.  Instead of following the definition of materiality as applied to appellate review the court relied on the plain meaning of "evidence favorable to an accused" as appropriate in the pretrial discovery context.

Counsel for Ranes's articulation of the proper pretrial standard for exculpatory material is overly broad.  The problem with Ranes's definition of the materiality standard for <u>Brady</u> in the pretrial stage is that it incorrectly encompasses evidence that is inadmissible and unlikely to lead to admissible evidence although it would assist the defense with trial preparation.   Nevertheless, the prosecution is urged to be familiar with the holding in <u>Sudikoff</u> with regard to its discovery obligations relating to any agreements between the government and an accomplice or witness. <u>Brady</u> material is likely to include evidence that casts doubt regarding the mental health of a government witness, an agent's report highly critical of the role or integrity of a government informant, evidence that the government has provided a benefit to its potential witness(es), and evidence that a government witness has

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

11

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR                    Signed by Judge John D. Roberts                    04/10/2007; Page 11 of 25

been untrustworthy during the investigation.   As the Sudikoff court noted, the standard that evidence must meet to fall within the scope of Brady and require pretrial discoverability has not been clearly stated.  Id. at 1198.  This court declines to do what other courts have not done, namely articulate an all inclusive pretrial standard of discovery for evaluating exculpatory evidence in general.   Ranes suggests that because an overt act contains a homicide allegation this standard should be spelled out by the court.  See Docket No. 374, p.8.  However, he has offered no persuasive argument or case law to show why or how the materiality standard for Brady material should be different as applied to that allegation.

Brady material need not be exculpatory in itself.   United States v. Flores, 540 F.2d 432 (9th Cir. 1976) cited by government held that the failure to grant a defendant's motion for discovery of information which was not in itself exculpatory and which was sought for impeachment of a government witness was not a violation of due process.  Id. at 438.  The Ninth Circuit noted in that appeal that the information sought by the defendant-appellant was not in itself exculpatory. Moreover, in Flores the government had stated that the information sought was not within its custody or control.

Flores is often cited for its holding that the Brady decision does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure.   Strictly speaking the government is required to disclose

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

12

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR                     Signed by Judge John D. Roberts                     04/10/2007; Page 12 of 25

exculpatory information under <u>Brady</u> not as "discovery" but as information required by due process because it falls within the scope of <u>Brady</u>.    <u>Brady</u> prohibits concealing evidence favorable to the accused.  It does not provide for disclosure of inculpatory evidence.  See <u>Bagley</u>, 473 U.S. at 675, 105 S. Ct. 3375.  <u>Brady</u> does not concern the defense's trial preparation per se.  <u>Brady</u> requires not that the exculpatory information is exculpatory itself, but that it is either admissible or reasonably likely to lead to admissible evidence.  <u>Brady</u> places the obligation on the government in the first instances to decide what information falls under <u>Brady</u> and its progeny.  Because <u>Brady</u> is not a discovery rule the court need not set forth all of the categories of information that potentially may fall within <u>Brady</u>.  This order neither adopts nor rejects the parties' interpretation of <u>Brady</u>, except as expressly stated herein.

### Personnel Files of Law Enforcement Agents

Ranes requests the government to review each agent's personnel file for information requested in paragraphs 5 through 8 of his motion and determine whether there is any potentially impeachment information contained in the file.  The government shall comply with <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) in this regard.

//

//

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

13

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR                    Signed by Judge John D. Roberts          04/10/2007; Page 13 of 25

## The Timing of <u>Brady</u> Disclosures

The Ninth Circuit requires that <u>Brady</u> material be disclosed while it is still of substantial value to the accused.  *See*  <u>United States v. Manning</u>, 56 F.3d 1188, 1198 (9th Cir. 1995).  *See* also <u>United States v. Pollack</u>, 534 F.2d 964, 973 (D.C. Cir. 1976), <u>cert</u>. <u>denied</u> 429 U.S. 924 (1976)(disclosure by the government must be made at such a time as to allow the defense to use the favorable material effectively in preparation and preservation of its case). The government acknowledges its responsibilities to timely disclose <u>Brady</u> material and states that it will turn over evidence affecting the credibility of a witness within the parameters of <u>Giglio</u> together with its Jencks Act material.  The need for evidence to impeach a witness is generally met in this manner which allows the government to avoid providing the defendants with a list of some of its potential witnesses prior to trial.  *See*  <u>United States v. Dischner</u>, 960 F.2d 870, 890 (9th Cir. 1992).  In the absence of any case authority requiring all <u>Brady</u> information to be disclosed on the date(s) discovery is due, the timing of <u>Brady</u> disclosure is left in the first instant to the government.  The government should be mindful of the defendant's need to timely subpoena a witness if that need can reasonably be anticipated by the disclosure of the <u>Brady</u> material. To the extent that <u>Brady</u> material relates to cooperating witnesses, it should be

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

14

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR            Signed by Judge John D. Roberts            04/10/2007; Page 14 of 25

disclosed at least two weeks prior to trial.[4]  To the extent exculpatory material relates to more than mere bias or impeachment, the material should be produced as soon as practicable.

### Discovery of Other Eye Witnesses

Shine seeks the names and addresses of witnesses to any of the crimes including overt acts allegedly committed in furtherance of the crime who will not be called as a government witness.  The government is directed to provide the names and addresses of witnesses to the "actions" or "offenses" charged in the indictment.  United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984).  As the court stated in Cadet witnesses to a crime are not the property of either the prosecution or the defense.  This ruling does not require the disclosure of the identity of witnesses to alleged overt acts.  An overt act may be conduct innocent in itself and is not the same as an eye witness to the commission of an offense.  To the extent that the defendants seek the identity of all witnesses to any of the overt acts alleged, that request is DENIED as overly broad.

### Investigation of Prospective Government Witnesses

Shine requests disclosure of any evidence that a prospective witness is or was under investigation by federal, state of local authorities for any crime or

---

[4] The government has agreed to produce such material at least two weeks prior to trial.  Docket No. 386, p.12.

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

15

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR                Signed by Judge John D. Roberts         04/10/2007; Page 15 of 25

misconduct during the course of the investigation in the instant case. The government agrees to provide such material with respect to government witnesses to the extent "required by Federal Rule of Evidence 608(b)." That rule addresses specific instances of evidence of character and conduct of a witness for purposes of challenging the witness's character for truthfulness or untruthfulness. Shine cites United States v. Chitty, 760 F.2d 425, 428 (2nd Cir. 1985), cert. denied 474 U.S. 945 (1985). There the court held that information that a witness had been told that he was under investigation was disclosable pursuant to Brady and Giglio since it provided a motive to testify favorably to the government, and the fact was known to the prosecutor's office.

The government objects to the breadth and scope of Shine's request claiming that it is under no obligation to provide such information not known or reasonably known to the prosecutor. The government has no obligation to seek out such information that might be helpful to the defense but it cannot ignore the exculpatory value of its known evidence. Similarly, evidence regarding a witness's ability to testify such as evidence of prior use of narcotics or controlled substances, misuse of alcohol, or medical or psychiatric evaluations tending to show that the prospective witness's ability to remember, communicate or tell the truth is impaired should be disclosed as Brady material. The government has no obligation to obtain records from third parties that are privileged or confidential regarding these particular

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

16

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR              Signed by Judge John D. Roberts              04/10/2007; Page 16 of 25

areas of impeachment.  *See*  <u>United States v. Hach</u>, 162 F.3d 937, 947 (7th Cir.

1998).  Accordingly, Shine's Request No. 7 is GRANTED and DENIED as stated

herein.  Potential privileged or confidential information may be turned over to the

court for an <u>in</u> <u>camera</u> review.

### Discovery of Expert Witnesses

Pursuant to Rule 16(a)(1)(G), Federal Rules Criminal Procedure, the

government must provide the defendants with a written summary of any testimony

that the government intends to use under Federal Rules of Evidence 702, 703 or 705

during its case-in-chief at trial prior to trial. The court directs the government to

produce its written summary no later than forty-five (45) days prior to trial.[5]  Such

summary must describe the witnesses opinions, the bases and reasons for those

opinions and the witnesses qualifications.  It need not list the books, treaties or other

papers written by the expert that may be relevant to the expert's testimony unless

the government intends to elicit that information on direct examination as part of its

qualifying the witness as an expert to testify in the government's case-in-chief.

Should the government timely request reciprocal disclosure of expert witnesses by

the defendants, the defendants must comply with Federal Criminal Rule 16(b)(1)(C)

no later than thirty (30) days prior to trial.

---

[5] The current trial date is October 15, 2007.

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd                    17

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR                    Signed by Judge John D. Roberts                    04/10/2007; Page 17 of 25

Shine has requested an order requiring the government to provide all technical data in its possession concerning "tower arrangements" set forth in cell phone records produced including locations of phone callers and recipients of calls. Shine contends that the government has provided spread sheets with data that is not readily understandable. In response the government states the defendants are free to approach representatives from the telephone companies to interpret the data and the government has agreed to disclose to the defense its trial exhibit that is being prepared to help explain this data. The government disputes the defendant's characterization of the cellular telephone data and maps as necessitating expert testimony. The government states that any testimony it will offer about such data will be fact-based and not opinion-based. Rule 16(a)(1)(E) provides that a defendant may inspect or photograph the government's documents and data in its possession that is material to preparing a defense or the government intends to use the item in its case-in-chief at trial. Wherefore, it is hereby ORDERED that the government provide an opportunity to the defendants to inspect any exhibit explaining the telephone data that it intends to use in its case-in-chief at trial no later than 45 days prior to trial. This timing is geared to allow the defendants an opportunity to obtain an expert in the related field should they so desire.

//

//

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd                18

3-06-cr-00041-RRB-JDR          ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
                               Signed by Judge John D. Roberts          04/10/2007; Page 18 of 25

## Identity of Confidential Informants

Shine requests the government to disclose the identity of any and all confidential informants who are percipient witnesses in this case.  The government objects on grounds that this request should have been made earlier with regard to the allegations made prior to the filing of the Second Superseding Indictment.  The court declines to make such a ruling.

The government agrees to disclose the identity of its informant two weeks prior to trial.  Such disclosure appears timely to prevent a miscarriage of justice.  The government states that it has set forth the motivations and criminal history of the informant in discovery previously provided the defendants.  It should also be noted that elsewhere in this order the government has been directed to disclose the identity of any eye witnesses to the crimes themselves.

## Identification Materials

Shine requests the disclosure of any documents or photographs used in any identification procedure including line-ups, show-ups or photo spreads.  The government responds that none were used for such purposes.  The government's response indicates that photographs of defendants were shown to some witnesses although the government claims that the witnesses already knew the defendant(s) in the photograph.  Disclosure of a photograph may be required  under Federal Criminal Rule 16(a)(1)(E) if the government intends to use the photograph in its

case-in-chief or if the photograph may reasonably be deemed as material to the preparation of a defense. If the government intends to use the photograph(s) in its case-in-chief then the government shall immediately produce such photograph. Otherwise, with respect to government witnesses whose identity has not yet been disclosed, production of the photograph as discovery shall be deemed timely made if the photograph is included in the Jencks Act material for that witness.

### Statements of Co-defendants

Defendants seek the disclosure of statements of any co-defendant in order to assess the propriety of asserting any motion for severance under <u>Bruton v. United States</u>, 391 U.S. 123 (1968). Although stating that it has no intention to violate the <u>Bruton</u> rule, the government suggests that disclosure of any such co-defendant statements not be required until the pretrial conference of the case. The pretrial conference is scheduled for September 17, 2007, which is almost a month before the jury trial. Federal Criminal Rule 12(d)(2) provides a procedure whereby at the request of a defendant the government must give notice of its intention to use evidence. The purpose of the rule is to facilitate the bringing of a pretrial motion particularly one that is required to be brought before trial. The government agrees to bring to the attention of the defendant any statements of co-defendants that might implicate <u>Bruton</u>. In order that any <u>Bruton</u> issue and or severance concern may be resolved at or before the final pretrial conference the government is hereby directed

to disclose any statements of co-defendants it intends to use in its case-in-chief to the defendant no later than one week prior to the final pretrial conference.  Any motion by defendant(s) for severance based upon the government's intended use of a statement by a co-defendant shall not be considered untimely because of the government's delay in providing a copy of co-defendant's statement(s) to the moving defendant.

The government's duty to provide exculpatory evidence includes statements of co-defendants, informants or witnesses that are inconsistent with any statements of any government witness who observed the killing of Mr. Cody or aver that they heard incriminating statements by one of the defendants or co-conspirators concerning the alleged killing.  In determining whether the evidence should be disclosed as "material" in compliance with Brady v. Maryland the Supreme Court teaches that the cumulative effect of all suppressed evidence favorable to the defendant is considered on appellate review rather than considering each item of evidence individually.  Kyles v. Whitley, 514 U.S. 419 (1995).

In Kyles the Supreme Court identified several situations in which a Brady claim might occur including where the government fails to accede to a defense request for disclosure of some specific kind of exculpatory evidence and where the government fails to volunteer exculpatory evidence never requested and the suppression of that evidence would be of sufficient significance to result in the

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

21

3-06-cr-00041-RRB-JDR
ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
Signed by Judge John D. Roberts
04/10/2007; Page 21 of 25

denial of the defendant's right to a fair trial.  The high court warned that the "materiality" test for determining the government's non-disclosure of favorable evidence to a defendant is not the sufficiency of evidence test.  The question is not whether the defendant would more likely than not have received a different verdict with the evidence but whether in the absence of such evidence he received a "fair trial," meaning a trial resulting in a verdict worthy of confidence.  The prosecution, of course, alone can know what is undisclosed and therefore bears the responsibility to gage the likely net effect of all undisclosed evidence and make a disclosure when the "point of reasonable probability" is reached.  The prosecutor also has the duty to learn of any favorable evidence known to others acting on the government's behalf in the case.  Favorable evidence is material if there is a "reasonable probability" that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  Kyles, supra.  A showing of materiality does not require a demonstration by a preponderance of the evidence that the disclosure of the evidence in issue would ultimately result in the defendant's acquittal.  If the exculpatory evidence in question could reasonably be taken to place the whole case in a different light so as to undermine the confidence in the verdict then Brady requires its disclosure.

//

//

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

22

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR          Signed by Judge John D. Roberts          04/10/2007; Page 22 of 25

**Ranes' Request for Bill of Particulars, Docket No. 373**

Request No. 1 seeks disclosure of the quantity of MDMA allegedly involved in the conspiracy charged in Count 1. The government responds that Overt Act 16 alleges the attempted delivery of approximately one ounce of ecstasy (MDMA) to Whitehorse on or about May 27, 2005. The government also indicates that the Title III audio tapes support the government's contention that defendant Ranes conspired to import an additional quantity of MDMA. Although 21 U.S.C. § 960(a) and (b)(3) does not require proof of a specific quantity of MDMA the amount of drugs involved in the prosecution could affect the sentencing should that occur. Knowledge of drug quantity is necessary to enable the defendants to avoid surprise at trial. Accordingly, the government shall identify the quantity of MDMA involved in the alleged conspiracy to the extent that that quantity can be or has been ascertained by the government in its investigation or in anticipation of trial.

The government has sufficiently responded to Request No. 2 by identifying the authority under which it has made reference to the death of Cody in the indictment as "murder." Requests 3, 4 and 5 requesting the names of unidentified co-conspirators as well as the time, place and manner the co-conspirators allegedly joined the conspiracy are denied. A defendant is not entitled to the names of unidentified co-conspirators. <u>DiCesare</u>, 765 F.2d 890, 897-98 (9th Cir. 1985); <u>United States v. Long</u>, 449 F.2d 288, 294-95 (8th Cir. 1971). The

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

23

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR    Signed by Judge John D. Roberts    04/10/2007; Page 23 of 25

government need not provide a bill of particulars detailing the evidence it intends to present at trial or identify its theory of the case.  United States v. Musaachio, 968 F.2d 782, 787 (1991); Ellis v. United States, 321 F.2d at 931, 932 (9th Cir. 1963).

Request No. 6 seeks the identity of alleged co-conspirators and other individuals described in Overt Acts 3, 4, 5, 11, 33 and 41 of Count 1.   The government responds that it has provided such information with regard to Overt Act No. 3.  The reference to "other individuals" in Overt Act No. 4 is to persons who sold the controlled substances once the shipment arrived in Alaska (Overt Act No. 4); individuals who drove vehicles used to transport marijuana and money to and from Canada (Overt Act No. 5); and individuals distributing the marijuana once it was driven to Anchorage (Overt Act No. 33).  The government is not required to disclose the manner and means by which each overt act occurred.  It is axiomatic that the defendant is not entitled to a list of prosecution witnesses through a bill of particulars.   The information sought in Request No. 6 of the motion for bill of particulars does not seek information that is necessary to adequately apprise the defendant of the nature of the charges against him, to avoid surprise at trial or to protect him against double jeopardy.  Request No. 6 is hereby denied.

Request No. 7 seeks the identity of the specific provision(s) of 18 U.S.C. § 1956 which the government alleges the defendant violated in the money laundering counts, Counts 3 through 136.  This request is granted.  It is noted that

3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

24

ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
3-06-cr-00041-RRB-JDR                Signed by Judge John D. Roberts                04/10/2007; Page 24 of 25

the government's response states that the defendant has violated three of the four possible subsections of the money laundering statute. Upon request by the defense the government should identify those three subsections with specificity.

A bill of particulars is appropriate when an indictment is insufficient to permit the preparation of an adequate defense. The desire to know the names of any unknown co-conspirators or the exact time other co-conspirators allegedly joined the conspiracy are not reasons warranting a bill of particulars in the instant case. See United States v. DiCesare, 765 F.2d 890, 897 (9th Cir. 1985). United States v. Barrentine, 591 F.2d 1069, 1077 (5th Cir. 1979), cited by defendants is not in conflict. There, the Fifth Circuit Court of Appeals recognized that a bill of particulars is a proper procedure for discovering the names of unindicted co-conspirators who the government plans to use as witnesses when the information is necessary to the defendant's preparation for trial. Here, the defendants have not demonstrated the prerequisite need for such particulars. To the extent not specifically addressed in this order the government shall provide discovery as ordered no later than fifteen (15) days after this order is entered.

DATED this 10th day of April, 2007, at Anchorage, Alaska.


 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge


3-06-cr-00041-RRB-JDR SHINE & RANES Order Re Discovery Motions 372 - 375.wpd

25

3-06-cr-00041-RRB-JDR    ORDER @ 372 - 375 REGARDING DISCOVERY MOTIONS
Signed by Judge John D. Roberts    04/10/2007; Page 25 of 25