## EXHIBIT G

**Relevant portion of transcript of initial appearance of Nopenone Dennis Shine on Second Superseding Indictment:**

**Judge:** Do you have additional discovery that you'll be providing to the defense in this case?

**Mr. Dieni:** Yes, your honor, there's additional printed material that's approximately a foot in thickness as well as approximately thirty CDs containing audio as well as photographs.

**Judge:** And when will you be able to complete your meeting with counsel on this?

**Mr. Russo:** By next Friday, 12/29.

**Judge:** Alright, the meeting confer date will be Dec. 29, 2007. Agreement to file certificate describing what happened at that conference and the **new motion deadline with respect to the additional discovery**, the changes in the second superceding indictment will be the 12th of January. We still have the trial date, Feb 12, the case has been declared complex by the trial Judge and unless the trial date moves, then I have to stick to the time that I gave the pretrial motions so if you need additional time to prepare the case, you might anticipate filing a request for continuance of trial. Also I will as that when you file motions that you, particularly the defense, that you put the defendant number, this is defendant number two. You'd say US vs. Shine, rather than Ranes, etc. That would be helpful for the clerk's office and everyone else who's trying to pull out motions filed by a particular defendant. So, not guilty pleas will be maintained as to all counts for Mr. Shine. The waiver of advisement of rights and reading of the second superceding indictment is accepted. Bail continues previously set. Anything else that we might take up at this time?

**Mr. Dieni:** Nothing, Judge. I just want to indicate for the record , discovery requests by the government, I haven't filed motions to compel yet in anticipation the government was forthcoming in letting me know there would be a new grand jury proceeding. We have to state for the record that these allegations completely change the character of the offense expect there will be a lot of motions filed that perhaps should had been filed earlier but because of this radical change in the case, there will be a lot of motions filed. I will certainly work with the prosecutor to resolve all of the discovery issues that are now unresolved. And some of those discovery issues deal with what the occupant found earlier will need to be filed now. I'd also like to state for the record, we're starting from scratch in a lot of ways. We haven't seen one spec of evidence to justify these new allegations so from our viewpoint, the case has really starting anew.

**Judge:** Thank you for your information and the notice of record. I would suggest that at the conference you have with the prosecutor that you be candid with what you anticipate or expect to be forthcoming and if you're looking for discovery in a particular area, go ahead and ask for that they are put on notice of what you're asking for and if it's not readily available then some plan for when it will be should be put in that conference certificate. What I'm trying to avoid is a last minute notice to the court, for example, that a continuance of trial is needed is because you only

got discovery the day before and that shouldn't be something that's new. It shouldn't be sprung on the defense or the court. So the government really needs to spend the resources to get the case ready so it can comply with the speedy trial act and identify the problems and if you need to come to the court to resolve some of those then you certainly can do that. So, I expect there will be a lot of motions filed and if that causes a delay in the trial, we'll have to deal with it when we get to that point but it's possible. I don't know whether the court has spoken to whether it would try all the defendants at one time or do it piece meal. It's a preference of the trial judge and it may be a pretrial conference that's needed to resolve issues such as that if they can be grouped for trial purposes, but we'll just have to deal with that, so what I've done is I've maintained docket at 177 order for motions but I've relaxed it and extended it to the 12th of January **for any motion that could not have been brought except for that second superceding indictment and that includes changes in overt acts or counts or addition of another defendant but it needs to <u>relate in some way to the second superceding indictment</u> so a motion for bill of particulars may, it may be overlap, like you say, something that you're willing to forego earlier but now the context of your client and the charges, you want certain discovery provided. So,** we'll deal with it on the types of motions.