MICHAEL FILIPOVIC
First Assistant Federal Public Defender
Attorney for Thomas P. Ranes
FEDERAL PUBLIC DEFENDER FOR THE
WESTERN DISTRICT OF WASHINGTON
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
Tel: (206) 553-1100
Fax: (206) 553-0120
E-mail:  Michael_Filipovic@fd.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.  3:06-cr-00041-RRB-JDR |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S RANES'S RESPONSE |
| | ) | TO GOVERNMENT'S MOTION TO |
| v. | ) | STRIKE DEFENDANTS' MOTIONS |
| | ) | |
| THOMAS P. RANES, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      COMES NOW Thomas P. Ranes, the defendant herein, by his attorney, Michael Filipovic, Assistant Federal Public Defender for the Western District of Washington, and hereby requests the Court to deny the Motion to Strike.  In support of this response, the Court is requested to consider the attached affidavit, Defendant's Motion to Consider Pretrial Motions filed on April 16, 2007, at Dkt. No. 427, and the records and files herein.

      The Court is respectfully requested to exercise its discretion by granting the defendant's motion to consider these pretrial motions and denying the government's motion to strike because

(1) there is good cause for the Court to excuse the delay in filing these motions; (2) defense counsel have acted with diligence in their preparation of this case, and in their attention to the previously set motions deadlines by attempting to obtain formal extensions of these deadlines by the Court; (3) there is no prejudice to the government because the time between filing the motions and the October 15, 2007, trial date is slightly longer than the time between the originally scheduled due dates and the previously scheduled trial date; and (4) the government never filed a formal opposition to the two defense motions to extend pretrial motions deadlines. See Dkts. 217 and 355.[1]

Fed. Rule Crim. P. 12(c) gives the district court authority to set a deadline for parties to make pretrial motions. The purpose of Fed. R. Crim. P. 12(c) is to "make possible and to encourage the making of motions prior to trial, whenever possible, and in a single hearing rather than in a series of hearings," and to promote "efficient case management." *See* Advisory Committee Notes Fed. R. Crim. P. 12, 1974 Amendment and 2002 Amendments. Granting the defendant's motion to consider these pretrial motions and denying the government's motion to strike does not impair the policy to promote pretrial resolution of motions. Moreover, ruling in the defendant's favor under the facts of this case would be fully consistent with efficient case management principles. Specifically, the timing of the filing of defendant Ranes's motions to suppress is completely consistent with the time between critical events in the Court's original scheduling order, *i.e.*, the motions are filed with equivalent, if not more time for both the

---

[1] When Mr. Shine filed his Motion to Continue Motions Deadlines his counsel stated: "The government, however, has indicated that they may oppose motions not related to the new allegations." Dkt. 355 at p. 2. The government did not file any response to this motion, much less an objection.

*U.S. v. Thomas P. Ranes et al.*
3:06-cr-00041-RRB-JDR                                2

government to respond and the Court to rule in relation to the trial setting.  Secondly, it would be contrary to an efficient case management system to encourage parties to file the pretrial motions before the party can effectively review discovery, assess the merits of a particular motion and the strategic need to file the motion as it relates to the prosecution theory of the case.  It would not be conducive to efficient case management to refuse to consider defendant's motions in this case because it would encourage counsel to file every conceivable boilerplate motion, without regard to sufficient preparation and analysis, in order to avoid the pitfall of waiving the right to make these motions.

I.  **THE HISTORY AND COMPLEXITY OF THIS CASE**

As it relates to Mr. Ranes, the government ignores the following relevant facts: (1) that Mr. Ranes was effectively without counsel from April through August 2006; (2) that his newly-appointed defense counsel was unavailable for a three-week period at the end of September and early October on a pre-planned leave and was then unexpectedly unavailable for three weeks as the result of a serious accident and then only partially available thereafter through the end of the year; (3) that the trial date was extended by eight months due to the complexity of this case; and (4) that the parties had expected the case to settle before the government alleged the overt act of a homicide as it related directly to Mr. Ranes and Mr. Shine.

These facts, the facts set forth in the defendant's previously filed motion to consider these pretrial motions and the attached affidavit of counsel all establish good cause for the Court to exercise its discretion in favor of the defendant on this issue.

II.  **DUE DILIGENCE**

Counsel for the defendant has exercised due diligence in his preparation of this case.  It is

not counsel's practice to simply file every conceivable boilerplate motion and then sort out the law, the facts and the strategy after the fact. Before filing a pretrial motion counsel must first learn the facts by reviewing the relevant discovery, which in this case was voluminous. For the necessity argument in the wiretap motion, one must not only review the wiretaps and the applications for wiretaps but the entire discovery and investigative picture in order to effectively make such an argument.

Second, if it appears that a case is likely to settle, which is the posture we were in during the fall of 2006, filing pretrial motions and requiring the government to respond can have disastrous effects on the defendant at sentencing because the government will then likely choose to withhold the third point for acceptance of responsibility under USSG § 3E1.1(b).

Third, even when there is a legal and factual basis for filing a pretrial motion to suppress or exclude evidence, counsel must evaluate the significance of the suppression in the context of the overall case. In the case at bar, suppression of the wiretap evidence became particularly important as a result of the allegations made in the second superseding indictment concerning an alleged homicide of Thomas Cody. The wiretap evidence lends circumstantial support to the government's theory of motive for the homicide.

In addition, counsel for the defendant throughout this time frame has represented approximately 20 or more other clients at various stages of trial, appellate or post-conviction.

Finally, counsel did not simply ignore the deadlines set by the Court, but diligently sought to extend these deadlines.

**III.   LACK OF PREJUDICE**

Defendant Shine in his motion to continue the pretrial motions deadline referenced the fact that the government may oppose the filing of some of these motions. He also stated "government's counsel failed to articulate any particular prejudice occasioned by the filing of any motions, given the current new trial schedule." Dkt. No. 355 at p. 2. The government did not file a formal objection to this motion to continue motions deadlines and did not respond by identifying any prejudice that it suffered. More telling is that the government has failed to identify any prejudice in its most recently filed motion to strike. *See* Dkt. No. 437.

The government simply makes a general claim that "these motions interfere with the parties' preparation for the real issues at trial, as well as interferes with the Court's consideration of some novel issues raised by the balance of defendants' properly raised motions." The government is hard pressed to claim that requiring it to respond to these motion will substantially interfere with its efforts to prepare for trial because it has at least as much time to respond as it would have under the originally scheduled motions deadlines and trial date. Moreover, the government's position has been that it did not need until October 15, 2007, to be prepared for trial. In fact, in response to the discovery litigation in this case, it offered to move up the trial date to June 2007, stating it could be ready for trial months earlier. Dkt. No. 386, p. 16.

With respect to the Court's schedule, counsel has made efforts to address scheduling concerns by previously filing motions to extend the due date for pretrial motions.

//

//

**IV.    CONCLUSION**

It is therefore respectfully requested that the Court grant the defendant's motion to consider pretrial motions at Dkt. No. 427 and deny the government's motion to strike at Dkt. No. 437.

DATED this 27th day of April, 2007.

/s/ Michael Filipovic
MICHAEL FILIPOVIC
WSBA No. 12319
First Assistant Federal Public Defender
Attorney for Thomas P. Ranes
Federal Public Defender
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
Tel. (206) 553-1100
Fax (206) 553-0120
Michael_Filipovic@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2007, I electronically filed the foregoing DEFENDANT'S RANES'S RESPONSE TO GOVERNMENT'S MOTION TO STRIKE DEFENDANTS' MOTIONS  with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Frank V. Russo, James N. Barkeley and Shawn C. Fuller, Assistant United States Attorneys, Federal Building & U.S. Courthouse, 222 West 7th Avenue, #9, Room 253, Anchorage, Alaska 99513.

/s/ Michael Filipovic
MICHAEL FILIPOVIC
WSBA No. 12319
First Assistant Federal Public Defender
Attorney for Thomas P. Ranes
Federal Public Defender
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
Tel. (206) 553-1100
Fax (206) 553-0120
Michael_Filipovic@fd.org