**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br> vs.<br><br>THOMAS P. RANES,<br><br>     Defendant. | 3:06-cr-00041-RRB-JDR<br><br>ORDER<br>(Motion to Clarify Discovery Order)<br>Document 429 |

   The United States moves for an order clarifying and/or reconsidering several matters addressed in an order regarding discovery (docs. 372 - 375) filed at document 407. The government's motion to clarify at doc. 429 is unopposed.

   In the order regarding discovery, the government was directed to provide the names and addresses of witnesses to the "actions" or "offenses" charged in the indictment. The government argues that compliance with this directive would be unduly burdensome for the United States and appears to be in conflict with the court's pronouncements in other parts of the order. With regard to participants in the alleged substantive crimes known to the government, United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984) is controlling. Those names should be disclosed

forthwith. With regard to eye witnesses, the government is bound by its burden under Brady v. Maryland, 383 U.S. 73 (1963) with regard to the timing of disclosure of the identity of those witnesses who may have exculpatory information.

The government states that it was an oversight on its part not to oppose Defendant Shine's motion to compel discovery with respect to witnesses to the alleged crimes who will not be called as government witnesses. The government has now provided its opposition and reasons therefor. The defendant made no showing of materiality as required by Fed.R.Crim.P. 16 to justify disclosure of non-testifying government witnesses. United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir. 1990), cited by the government, supports the need for a factual showing of materiality. That portion of the discovery order directing the government to disclose the names and addresses of witnesses to the offenses charged in the indictment who will not be called as government witnesses is hereby vacated.

The government seeks clarification as to the timing of when it must disclose whether its witnesses are under investigation known to the government. *See*, pp. 15-17 of the discovery order. The government agrees to provide such information two weeks prior to trial, recognizing that it serves as impeachment information. That timing is acceptable to the court, and it does not override the government's continuing obligation to provide such information if it falls under the rubric of Brady/Giglio obligations. In the latter situation, the information should be

provided at a time meaningful for its use by the defendant(s).  The motion to clarify and/or reconsider the order regarding discovery is GRANTED in conformity with this order.

DATED this Thirtieth day of January, 2008, at Anchorage, Alaska.


    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge