NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-6011
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cr-041-01-RRB |
| | ) | |
| Plaintiff, | ) | **MOTION FOR PRELIMINARY** |
| | ) | **ORDER OF FORFEITURE** |
| v. | ) | |
| | ) | |
| THOMAS P. RANES (D-01), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel, and hereby requests that this Court enter the Preliminary Order of Forfeiture attached to this motion,

pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.[1]

DATED this 12th day of February, 2008, in Anchorage, Alaska.

> NELSON P. COHEN
> United States Attorney
>
> s/James Barkeley
> JAMES BARKELEY
> Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 222 W. 7th Avenue, #9, Room 253
> Anchorage, AK 99513-7567
> Phone:  (907) 271-3699
> Fax:   (907) 271-6011
> Email: jim.barkeley@usdoj.gov
> Alaska Bar No. 8306019

---

[1] After adjournment of defendant Ranes' change of plea hearing on February 8, 2008, the defendant was immediately called back to the courtroom to have him plead to/admit the forfeiture counts on the record.  The Court apparently questioned the need for the defendant to admit to the forfeiture counts on the record, because he did so in his Plea Agreement, which contained extensive forfeiture provisions.  Rule 11(b)(1) lists the plea colloquy requirements: "During this address, the court must inform the defendant of, and determine that the defendant understands, the following...."  Rule 11(b)(1)(J) includes forfeiture as part of the plea colloquy, so that the defendant must not only be informed of forfeiture, but the Court must determine that the defendant **understands** it.  Having the defendant admit the forfeiture allegations (incorporated into the plea agreement from charging documents) on the record is, in the government's view, sound practice because it protects the integrity of the plea agreement and the change of plea.  In fact, although an admitted factual basis is not technically required to support plea agreement forfeiture, the leading treatise on asset forfeiture makes this recommendation: "Nevertheless, it is almost universally regarded as good practice for the Government to proffer at least some evidence supporting the forfeitability of the property if the plea agreement itself does not contain a recitation of facts to that effect."  Cassella, Stefan D., <u>Asset Forfeiture Law In The United States</u> (2007) at 542.  In this case, the factual basis in the Plea Agreement did not recite those facts.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2008, a true and correct copy of the foregoing MOTION FOR PRELIMINARY ORDER OF FORFEITURE and proposed PRELIMINARY ORDER OF FORFEITURE were served electronically on:

ALLEN BENTLY (Counsel for Defendant Thomas P. Ranes)

s/James Barkeley