ALLEN R. BENTLEY
LAW OFFICES OF ALLEN R. BENTLEY
1111 Third Avenue
Suite 2220
Seattle, WA 98101
Tel.: (206) 343-9391
Fax: (206) 682-3746
Email: abentley@concentric.net
Attorney for Thomas P. Ranes

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THOMAS P. RANES, ) <br> ) <br> Defendant. ) <br> _____ ) | NO. 3:06-cr-00041-RRB-JDR <br><br> MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RANES'S NOTICE OF WITHDRAWAL OF GUILTY PLEA AND MOTION FOR LEAVE TO WITHDRAW GUILTY PLEA |

**I.**

**INTRODUCTION**

This memorandum is submitted in support of the notice that defendant Thomas P. Ranes has served, to the effect that he has withdrawn his guilty plea, and in support of his precautionary motion[1] for an order permitting him to withdraw his guilty plea and setting the case for trial.

---

[1] Under Rule 11(d)(1), a defendant has the right to withdraw a plea if the plea has not been accepted. A notice of withdrawal would therefore appear to be the proper procedure for exercising that right. However, reported cases generally reflect the filing of a motion to withdraw, *see, e.g.*, *United States v. Head*, 340 F.3d 628 (8th Cir. 2003). We have therefore filed a motion to withdraw, as well as a notice of withdrawal.

*United States v. Thomas P. Ranes, et al.*
3:06-cr-00041-RRB-JDR

II.

PROCEDURAL BACKGROUND

On April 19, 2006, Indictment 3:06-cr-0041-RRB-JDR [CR 2] was filed, charging the defendant, Thomas P. Ranes, and others, with conspiring to import marijuana and with money-laundering. On June 21, 2006, a first superseding indictment [CR 130, 131] was filed, containing essentially the same charges but naming additional defendants. On December 15, 2006, a second superseding indictment [CR 284] was filed, containing much of the same language and many if not all of the same defendants, but adding new alleged overt acts in furtherance of the conspiracy.

Initially, Mr. Ranes was represented by retained counsel, John Murtagh. On August 11, 2006, however, Michael Filipovic, Chief Assistant Federal Public Defender for the Western District of Washington, was appointed and filed his notice of appearance as Mr. Ranes's attorney [CR 199].

On September 13, 2007, Mr. Filipovic was permitted to withdraw. Shortly thereafter, Allen R. Bentley, a member of the CJA panel for the Western District of Washington, was appointed to replace Mr. Filipovic [*see* CR 557, 559]. At a status conference on September 25, 2007, trial was set for April 14, 2008, in order to give new counsel an opportunity to prepare for trial [CR 564].

On February 8, 2008, Mr. Ranes appeared before Hon. Ralph R. Beistline and entered a plea of guilty to Counts 1, 119 and 137 in the second superseding indictment [CR 721]. The plea was entered pursuant to a Rule 11(c)(1)(C) plea agreement that provided for an agreed sentence

of 30 years [CR 719]. Sentencing was set for April 23, 2008 [CR 721], subsequently continued to June 4, 2008 [CR 734].

On April 30, 2008, Mr. Ranes filed a Notice of Withdrawal of Guilty Plea and a precautionary Motion for Leave to Withdraw Guilty Plea.

### III.

### DISCUSSION

Mr. Ranes has filed a notice of his withdrawal of his guilty plea. The notice and precautionary motion do not contain a statement of the reasons for which Mr. Ranes has withdrawn the guilty plea. In not citing reasons, we rely on Fed. R. Crim. P., Rule 11(d)(1), which provides as follows (italics added):

> (d) **Withdrawing a Guilty or Nolo Contendere Plea**. A defendant may withdraw a plea of guilty or nolo contendere:
>
> (1) before the court accepts the plea, *for* any reason or *no reason* ...

In other words, essentially, after a guilty plea has been entered and before it has been accepted, the accused may change his or her mind and withdraw the plea without giving reasons. *See In re United States*, 503 F.3d 638, 640 (7th Cir. 2007) (government sought mandamus to require district court to sentence defendant, rather than deferring sentencing to await the results of defendant's cooperation, arguing that otherwise defendant would be able to use Rule 11(d)(1) to withdraw her guilty plea after the Speedy Trial Act time limits had been exceeded).

The situation here is in many respects comparable to that in *United States v. Head*, 340 F.3d 628 (8th Cir. 2003). In *Head*, the defendant entered a mid-trial plea of guilty and then, a few weeks later, moved to withdraw the plea. The district court denied the motion, and Head

appealed. The Eighth Circuit reached the Rule 11(d)(1) issue despite Head's failure to raise the argument until he put it in his reply brief. *See* 340 F.3d at 630, n.4. The Eighth Circuit reviewed the record and found that the district court had not accepted the plea. Therefore, "Head had an absolute right to withdraw his plea, [and] [t]he district court's failure to allow him to do so was error." 340 F.3d at 631.

In this case, the threshold issue is whether or not Ranes's guilty plea was accepted. Defense counsel does not have a clear recollection of the court's accepting the guilty plea on February 8th. The docket statement pertaining to the guilty plea proceedings [CR 721] does not reflect acceptance of the guilty plea.[2] It is therefore submitted that the guilty plea has not been accepted and that Mr. Ranes has the right, under Rule 11(d)(1), to withdraw it.

### IV.

### CONCLUSION

For all the foregoing reasons, the court should set aside Mr. Ranes's guilty plea and schedule the case for a jury trial.

---

[2] On April 18, 2008, defense counsel submitted to the Federal Public Defender in Alaska, which will process the form and submit it to the court for approval, a CJA Form 24 requesting the preparation of the transcript of the February 8th proceedings. The transcript would be helpful in determining whether or not the guilty plea has been accepted for purposes of Rule 11(d)(1). However, we are filing this motion now rather than awaiting the preparation of the transcript, in order to avoid any possible claim that Mr. Ranes has slept on his rights.

In the event that the transcript shows that the court accepted the guilty plea, we respectfully request an opportunity to file further pleadings addressing the propriety of permitting the withdrawal of the plea. The reason is that even if the guilty plea was accepted, and therefore Rule 11(d)(1) does not apply, there are "fair and just" reasons for permitting withdrawal under Rule 11(d)(2)(B). The Ninth Circuit has made it clear that a defendant is not required to show that his guilty plea was invalid, in order to obtain relief under Rule 11(d)(2)(B). *See generally, United States v. Garcia*, 401 F.3d 1008 (9th Cir. 2005).

DATED this 30th day of April, 2008.

        Respectfully submitted,

        LAW OFFICES OF
        ALLEN R. BENTLEY

        By: /s/ Allen R. Bentley
           ALLEN R. BENTLEY
           WSBA No. 12275
           Law Offices of Allen R. Bentley
           1111 Third Avenue
           Seattle, WA  98101
           Telephone: (206) 343-9391
           Fax: (206) 682-3746
           Email:  abentley@concentric.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2008, I electronically filed the foregoing Memorandum of Law in Support of Defendant Ranes's Notice of Withdrawal of Guilty Plea and Motion to for Leave to Withdraw Guilty Plea with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys for the United States of America, Assistant United States Attorneys Frank Russo and Thomas Bradley.

By: /s/ Allen R. Bentley
ALLEN R. BENTLEY
WSBA No. 12275
Law Offices of Allen R. Bentley
1111 Third Avenue
Seattle, WA  98101
Telephone: (206) 343-9391
Fax: (206) 682-3746
Email:  abentley@concentric.net