ALLEN R. BENTLEY
LAW OFFICES OF ALLEN R. BENTLEY
1111 Third Avenue
Suite 2220
Seattle, WA 98101
Tel.: (206) 343-9391
Fax: (206) 682-3746
Email: abentley@concentric.net
Attorney for Thomas P. Ranes

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | NO. 3:06-cr-00041-RRB-JDR |
| | ) | |
| v. | ) | DECLARATION OF ALLEN R. BENTLEY |
| | ) | IN SUPPORT OF DEFENDANT RANES'S |
| THOMAS P. RANES, | ) | MOTION FOR LEAVE TO WITHDRAW |
| | ) | HIS GUILTY PLEA |
| Defendant. | ) | |
| _____ | ) | |

STATE OF WASHINGTON   )
                                           )   ss.:
COUNTY OF KING          )

    I, ALLEN R. BENTLEY, hereby declare under the penalties of perjury that the following statements are true:

    1. I am the attorney for the defendant in this case. I am fully familiar with the facts set forth herein.

*United States v. Thomas P. Ranes, et al.*
3:06-cr-00041-RRB-JDR

2. I was appointed to represent Mr. Ranes pursuant to the Criminal Justice Act on September 14, 2007, replacing Assistant Federal Public Defender Michael Filipovic, who had been permitted to withdraw. Shortly after I assumed the role of counsel for Mr. Ranes, Mr. Filipovic informed me that one of the possible charges that the government could file against Mr. Ranes, if Mr. Ranes were to go to trial, was a charge based on 18 U.S.C. §924(c)(1)(B)(ii). This statute prohibits persons from using and carrying a firearm equipped with a silencer during or in relation to a federal drug offense. The statute carries a mandatory consecutive 30-year sentence.

3. For about two months, this statute was not mentioned in any of my communications with the prosecutors. However, in an email message dated November 30, 2007, the government informed me that it would file a charge under this statute, if Mr. Ranes insisted on going to trial. This would subject Mr. Ranes, upon conviction, to two mandatory minimum sentences, which would total 40 years. After receiving the email, I conveyed the information to Mr. Ranes.

4. On February 6, 2008, I traveled from Seattle to Anchorage and, shortly after 6:00 p.m., met with Mr. Ranes at the correctional facility in Anchorage where he was then incarcerated. In the course of our conversation, he gave me one or more handwritten sheets with notes on topics that he felt were relevant to his defense. One of those sheets related to what Mr. Ranes said was the possible requirement – assuming that there is one – that the ATF test a weapon in order to make out its case that a device attached to the weapon in fact constituted a "silencer" in violation of the law. I did not have access to Westlaw or ready access to a law library that evening while in Alaska, and I was unable to immediately research the issue.

5. At my next meeting with Mr. Ranes, which was on February 7th in the middle of the day, I still had not researched the issue. In that meeting Mr. Ranes tentatively indicated that he would plead guilty. His guilty plea was scheduled for the following morning at 8:30. Despite the fact that Mr. Ranes had indicated an interest in pleading guilty and the plea had been scheduled, I felt that it would still be appropriate to conduct at least preliminary, limited research into the matters that Mr. Ranes had raised in the note he had given me on February 6th. I did not have access to Westlaw and did not know if the court's law library would be available to me. I therefore asked Assistant United States Attorney Thomas Bradley if, as a courtesy, he would print for me the cases that Mr. Ranes had listed on his handwritten sheet. These cases were *United States v. Santos*, 95 F.3d 116 (2nd Cir. 1996), *United States v. Santos*, 84 F.3d 43 (2nd Cir. 1996), and *United States v. Feliz-Cordero*, 859 F.2nd 250 (2nd Cir. 1988). Mr. Bradley printed out the cases and provided them to me shortly after I made my request. I continue to be grateful to Mr. Bradley for his professionalism in this regard.

6. On reading the three cases, I found that both of the *Santos* cases and the *Feliz-Cordero* case involved the question of whether the government's evidence was sufficient to satisfy the "use and carry" element of a violation of §924(c). The allegations in Mr. Ranes's case involved a co-conspirator's allegedly committing murder with an allegedly silenced weapon. The allegations, if credited, thus clearly showed that the co-conspirator had used and carried the alleged weapon. For this reason – as sometimes happens, when a non-lawyer calls my attention to a case that he or she thinks would be useful – I did not find these cases particularly relevant.

7. On February 8, 2008, I appeared with Mr. Ranes before the Hon. Ralph R. Beistline, and Mr. Ranes entered a plea of guilty to Counts 1, 119 and 137 in the second superseding indictment.

8. After the guilty plea, I returned to Seattle. Although it was not a high priority for me, in the interest of completeness I did further research into cases specifically involving §924(c)(1)(B)(ii) and/or the possession of an unregistered silencer, in violation of the National Firearms Act. I do not think these cases were specifically called to my attention by Mr. Ranes. Mr. Ranes did generally inform me that he had read cases that he thought supported the proposition that the government has difficulty making out a case based on using and carrying a silenced weapon, when the government does not have the silencing device and therefore cannot subject it to test-firing and comparative decibel measuring.

9. I conducted further research via Westlaw on February 20, 2008. A summary sheet on the research, which shows that my Westlaw search was conducted on February 20th, is attached hereto as Exhibit A. The research revealed a number of cases in which "silencer" allegations were supported by actual testing and decibel-measuring of the alleged silencing device. *See, e.g., United States v. Kavoukian*, 354 F.3d 117 (2nd Cir. 2003); *United States v. Krug*, 20 Fed. Appendix 271 (6th Cir. 2001); *United States v. Williams*, 110 F.3d 66 (6th Cir. 1997) (unpublished); *United States v. Brown*, 8 F.3d 21 (5th Cir. 1993) (unpublished); *United States v. Poulos*, 895 F.2d 1113 (6th Cir. 1990). I reported to Mr. Ranes on these findings after he had been transported back to Seattle from Anchorage, which occurred in early April.

10. I am not aware of any way in which the government has changed its position to its detriment in reliance on Mr. Ranes's guilty plea. I am unable to perceive of any way in which the government's ability to present its case would be prejudiced by the passage of time between February 8th and the new trial date that would be set, if this motion were to be granted.

11. I have discussed Mr. Ranes's motion to withdraw his guilty plea with him. I believe he fully understands the ramifications of seeking this relief, including the possibility that he would be subject to a sentence much longer than the 30-year sentence called for by his plea agreement, which could be as long as a sentence of life imprisonment.

DATED this  7th  day of May, 2008.

*(signature)*
ALLEN R. BENTLEY

CERTIFICATE OF SERVICE

    I hereby certify that on May 7, 2008, I electronically filed the foregoing Declaration of Allen R. Bentley in Support of Defendant Ranes's Motion for Leave to Withdraw his Guilty Plea with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys for the United States of America, Assistant United States Attorneys Frank Russo and Thomas Bradley.

                                                        By: /s/ Allen R. Bentley
                                                           ALLEN R. BENTLEY
                                                           WSBA No. 12275
                                                           Law Offices of Allen R. Bentley
                                                          1111 Third Avenue
                                                          Seattle, WA 98101
                                                          Telephone: (206) 343-9391
                                                          Fax: (206) 682-3746
                                                          Email: abentley@concentric.net