NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
THOMAS C. BRADLEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-1500
Email: frank.russo@usdoj.gov
       thomas.bradley@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:06-cr-00041-01-RRB |
| | ) |
| Plaintiff, | ) |
| | ) OPPOSITION TO MOTION TO |
| vs. | ) WITHDRAW PLEA |
| | ) |
| THOMAS P. RANES, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

COMES NOW the United States of America, by and through counsel, and

responds in opposition to the defendant's motion, filed at docket number 754,

for leave to withdraw his guilty pleas entered on February 8, 2008.  The motion is

supported by a memorandum of law filed the same day at docket 756. This motion was filed under the mistaken belief that the Court did not accept the defendant's guilty plea. Thus, the defendant argues that pursuant to Fed. R. Crim P. 11(d)(1), that he is allowed to withdraw his plea for "no any reason or no reason." However, by amended minute entry dated May 5, 2008, filed at docket 757, the Court made clear that it indeed had accepted the defendant's *plea*; as is the custom in this district, the Court simply reserved acceptance of the *plea agreement* pending its review of the pre-sentence report. Thus, in order to withdraw his plea, the defendant must satisfy the "fair and just reason" to withdraw his plea set forth in Fed. R. Crim. P. 11(d)(2)(B).

In apparent recognition of this fact, the defendant and his attorney filed two declarations, at dockets 760 and 761, respectively. Therein, the defendant proffers two reasons for withdrawing his plea: First, that legal research that he performed prior to his plea somehow strengthens his legal position on charges the government agreed not to bring as part of the plea agreement; Second, that the prosecutor's rendition of facts during the change of plea hearing – which he agreed was correct – somehow misled the Court as to the defendant's role in an

earlier attempted murder that occurred early in the conspiracy.[1]  Neither of these reasons constitute a "fair and just reason" to allow the defendant to withdraw his sworn, knowing, and voluntary guilty plea.  Accordingly, the defendant's motion should be denied and the Court should proceed to sentence the defendant in accordance with his plea agreement.

## I.     PROCEDURAL POSTURE

On April 19, 2006, the defendant was named in a 142-count indictment in which he was charged with conspiracy to import and distribute marijuana, money laundering, international money laundering, and criminal forfeiture.  The indictment was expanded in a first superseding indictment on June 20, 2006, to add additional co-defendants.  Then, on December 12, 2006, a second superseding indictment was handed down that implicated Ranes and co-defendant Nopenone Dennis Shine in the murder of former co-conspirator Thomas Cody.  Specifically, the second superseding indictment alleges that Shine shot Cody with a

---

[1] The Government proffered the facts regarding the 2003 shooting in part to support Ranes' contention that he knew Tom Cody was willing to use violence to secure and advance his control over the criminal enterprise.  There is no evidence that Defendant Tom Ranes knew about the shooting before it occurred, but he did learn of it later.  Actual knowledge of a crime is not required to establish coconspirator liability for crimes committed by others in furtherance of the conspiracy.  See Pinkerton v. United States, 328 U.S. 640 (1946); United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1202 (9th Cir.2000); United States v. Montgomery, 150 F.3d 983, 996-997 (9th Cir.), cert. denied, 525 U.S. 917 (1998).

silenced 9 mm. Beretta pistol in furtherance of the charged drug conspiracy. See Second Superseding Indictment, docket 284, at 8-10.[2]

Thereafter, the October trial was continued after a conflict of interest arose between the defendant and his prior counsel, Michael Filipovic, First Assistant Federal Public Defender for the Western District of Washington. His current counsel was appointed and an April 14, 2008, trial date was set. The government notified new counsel that it intended to present evidence on a superseding indictment to the grand jury in December 2007, which would charge the defendant with an additional count of use of a silenced firearm to commit murder, in violation of 18 U.S.C. § 924(c)(1)(B)(ii). This charge carries a 30-year sentence consecutive to the drug trafficking count if the defendant were convicted of both.

However, in December 2007, counsel for the defendant indicated that his client expressed some interest in a resolution, and requested more time for a decision. Ultimately, a plea agreement was reached in which the defendant agreed to plead guilty to the marijuana trafficking charge and money laundering charges, as well as admit legal responsibility for the death of Thomas Cody in furtherance

---

[2]Tom Cody's body was discovered in the Jim Creek area on July 5, 2007. At that time, the government determined that there was sufficient evidence to charge Ranes with offenses related to the killing. However, given the then-existing trial date in October 2007, the decision was made not to bring new charges that would cause a delay of the October trial.

of the drug conspiracy. In return, the United States agreed not to seek a superseding indictment to charge a violation of 18 U.S.C. § 924(c)(1)(B)(ii) so long as the defendant agreed to a 30-year sentence. <u>See</u> Plea Agreement, attached as Exhibit A. The plea agreement was entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C), and it clearly states "the defendant may withdraw from the agreement <u>only</u> if the Court rejects this plea agreement." Ex. A, pp. 2-3 (emphasis added).

Within the agreement, the defendant also indicated that he was satisfied with his attorney's representation: "My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence." Ex. A, p. 26. The plea agreement was signed by all parties on February 7, 2008.

The next day, February 8, 2008, the Court held a change of plea hearing during which the defendant reaffirmed, under oath, his understanding of the plea agreement. <u>See</u> Transcript of Change of Plea Hearing, attached as Exhibit B. The transcript of the hearing illustrates the methodical and thorough colloquy between

the defendant and the Court. The defendant was specifically advised of and indicated his understanding of the following:

a. the nature of each charge the defendant was pleading to (Ex. B, pp. 8-13);

b. the maximum possible penalty, including imprisonment, fine, and a term of supervised release (Ex. B, pp. 20-23);

c. the right to plead not guilty; the right to a jury trial; the right to be represented by counsel; the right at trial to confront and cross-examine witnesses; the right to testify; to right to compel the attendance of witnesses (Ex. B, pp. 17-19);

d. the waiver of his trial rights if the court accepts a guilty plea (Ex. B, p. 19);

e. the waiver of his right to appeal or to collaterally attack the sentence (Ex. B, pp. 15-16); and

f. applicable forfeiture (Ex. B, pp. 34, 36-37).

The Court proceeded through the plea agreement step-by-step, taking extra care that the defendant fully understood the proceeding and its implications, including the fact that the agreement entered into by the parties was governed by Rule 11(c)(1)(C) and provided for a sentence of 30 years. Ex. B, p. 15. On numerous occasions, the Court asked the defendant if he had any questions or reservations about his plea, and the defendant replied that he did not. E.g., Ex. B, p. 14 (signed agreement freely and voluntarily, and no one threatened the

defendant); p. 16 (the defendant had no questions about the charges he was pleading guilty); p. 13 (the defendant was pleading freely and voluntarily, and had no questions about how sentencing would occur); p.23 (defendant was asked and had no questions at all), and p. 32 (defendant was asked and had no questions). The defendant also told the Court under oath that he was satisfied with the legal representation he had received and that he and his attorney had sufficient information about the case to proceed with guilty pleas. Ex. B, pp. 13, 32-33.

    During the colloquy, the government gave a detailed recitation of the facts that it would prove if the case were to proceed to trial, including the fact that a silenced firearm was used to kill Mr. Cody. Ex. B, pp. 24-30. After briefly consulting with his counsel, the defendant agreed with the government's offer of proof. Ex. B, p. 29. The Court found that the defendant was fully competent to enter informed pleas, was aware of all his rights, and that the defendant entered his guilty pleas freely, voluntarily, and knowingly. Ex. B, p. 32. Furthermore, the Court found that the defendant was in control of his faculties and satisfied with his counsel's legal advice. Ex. B, p. 32. Finally, the Court found that the guilty pleas were supported by facts that supported the finding of guilt on all three counts. Ex. B, p. 33. Therefore, the Court accepted the guilty pleas. Ex. B, p. 33.

Sentencing was scheduled for June 4, 2008. On April 30, 2008, the defendant filed the instant motion.

## II. ARGUMENT

### A. Fed. R. Crim. P. 11(d)(1) Does Not Apply to the Defendant.

In his initial filings, the defendant appeared to contend that the "any reason or no reason" language found in Fed. R. Crim. P. 11(d)(1) permits the withdrawal of his plea. However, it appears the filings of the recent declarations by the defendant and his attorney tacitly acknowledge that the defendant needs a "fair and just reason" to withdraw his guilty pleas. Fed. R. Crim. P. 11(d) governs the procedures for withdrawing a guilty or nolo contendere plea. The Rule states that a defendant may withdraw a plea of guilty or nolo contendere:

> (1) *before* the court accepts the plea, for any reason or no reason; or
>
> (2) *after* the court accepts the plea, but before it imposes sentence if:
>
>> (A) the court rejects a plea agreement under Rule 11(c)(5), or
>>
>> (B) the defendant can show a fair and just reason for requesting the withdrawal.

(emphasis added).

Because the Court accepted the defendant's plea, the defendant cannot rely on the "for any reason or no reason" language found Fed. R. Crim. P. 11(d)(1) to

withdraw from his guilty pleas. As set forth above, after a thorough and methodical colloquy, the Court accepted the defendant's pleas of guilty to counts one, 119, and 137, and found them to be knowing and voluntary. Ex. B, p. 32. Because the Court has already accepted the defendant's pleas of guilty, but has yet to impose sentence, the defendant must show a fair and just reason for requesting the withdrawal of his pleas of guilty.

### B. The Defendant Has Not Established a Fair and Just Reason to Allow the Withdrawal of his Guilty Pleas

The defendant's proffered reasons to withdraw his plea are neither fair nor just, but rather boil down to a simple case of "buyer's regret." This is not a reason for which courts allow the withdrawal of guilty pleas. Prior to sentencing, a defendant can withdraw his guilty plea only by showing a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); United States v. Jones, 472 F.3d 1136, 1141 (9th Cir. 2007). "This requirement applies after a plea of guilty has been accepted by the district court, regardless of whether or not a plea agreement has been accepted by the court." United States v. Chong, 167 F.Supp. 2d 1160, 1162 (D. Hawaii. 2001), citing United States v. Hyde, 520 U.S. 670, 671, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997).

A defendant does not have the absolute right to withdraw his guilty plea, United States v. Alber, 56 F.3d 1106, 1111 (9th Cir. 1995); rather, the decision to allow a defendant to withdraw his plea is solely within the discretion of the district court.  United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003).  The defendant bears the burden of showing a fair and just reason for withdrawal of a guilty plea.  Jones, 472 F.3d at 1141.  "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea."  United States v. Garcia, 401 F.3d 1008,1011 (9th Cir. 2005).

The Supreme Court has held that the "fair and just reason" standard does not permit a defendant to withdraw from his guilty plea "simply on a lark," especially "[a]fter the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea . . . ."  United States v. Hyde, 520 U.S. 670, 676 (1997).  In Hyde, the Court drew upon the following language from the Advisory Committee note to Fed. R. Crim. P. 32(e) (predecessor to Rule 11 (d)),

denouncing a defendant's absolute right to withdraw a guilty plea without a "fair and just reason":

> Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely 'tentative,'. . . Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a "grave and solemn act," which is "accepted only with care and discernment."

Hyde, 520 U.S. at 676-677 (internal citations omitted).

In attempting to show a "fair and just reason" for withdrawal, the defendant does not challenge the adequacy of the Rule 11 hearing, nor does he allege newly discovered evidence, intervening circumstances, or any other reason for withdrawing his plea that did not exist when he pleaded guilty. Instead, he first relies upon case law that he located *before* he pled guilty, which pertains to a charge that he avoided by entering into the plea agreement in any event. Apparently, the defendant located some case law before the change of plea that indicated that, in some reported cases involving charges for silenced weapons, the government called an expert to testify that the weapon was in fact silenced by a suppressor. The defendant acknowledges that the cases found by him (and later his attorney) do not stand for the proposition that an expert is necessary to prove

such a charge. See Ranes Declaration in Support of Motion to Withdraw, ¶ 13. Indeed, none of the cases cited by Mr. Bentley in his declaration involved a testimony by a live witness who manufactured and fired the silenced weapon, as would be the case if the defendant were charged with this crime. Cf. United States v. Kavoukian, 354 F.3d 117, 119 (2nd Cir. 2003) (case involved whether the defendant can be convicted of possessing or making a firearm silencer where there is no evidence that he knew from experience that the device actually functioned; contrast here, where a witness would testify that the device functioned).[3]

Regardless, the authority upon which the defendant relies is neither controlling nor relevant to the charges to which the defendant pled guilty: conspiracy to import marijuana, money laundering, and international money laundering. Given the defendant's repeated assurances to the Court that he had no questions about the charges he faced, his plea agreement, and the sentence, it is difficult to imagine how these cases are relevant, much less constitute a "fair and just reason" to withdraw his carefully taken pleas.

---

[3] The legal sufficiency of such a case would be no different than a case involving the circumstantial possession of a firearm that was never recovered. See generally United States v. Thompson, 47 F. Supp. 658 (discussing and analyzing cases from various circuits that hold that it was not necessary for a weapon to be recovered to prove a charge of felon in possession of a firearm).

The defendant's next reason for attempting to withdraw his plea is a statement the prosecutor made during the recitation of facts at the change of plea hearing.  The defendant claims that a statement made by Mr. Bradley misled the Court into believing that he had something to do with an earlier attempted murder of a co-conspirator that occurred when Mr. Cody was still alive.  See Ranes Declaration, ¶ 14.  Putting aside the fact that the defendant agreed with this factual recitation after consulting with his attorney, it is undisputed that the defendant had no knowledge about the attempted murder plot until after the fact.  Besides, pre-existing knowledge of the attempted murder plot is irrelevant to the legal sufficiency of the plea as well as the sentencing guideline calculation.  Those facts are relevant primarily to show that the defendant was participating in a dangerous conspiracy, one in which murder was eminently foreseeable to him, in addition to supporting the defendant's belief that Mr. Cody might pose an actual threat to Ranes as well.  Thus, whether his knowledge came before or after the earlier attempted murder is irrelevant; the fact that he had knowledge at some point before Cody's death is the only salient point.

In substance, the defendant's reasons for his attempted withdrawal amount to a change of heart.  Unfortunately for him, having a change of heart does not permit a defendant to withdraw his guilty pleas.  United States v. Rios-Ortiz, 830

F.2d 1067, 1070 (9th Cir. 1987). Great care is taken when placing a plea agreement on the record. The colloquy is designed to ensure that when a defendant pleads guilty, he understands exactly what the plea means. Id. at 1070. Permitting a defendant to withdraw his plea merely because he had a change of heart undermines Rule 11's purpose and reduces change of plea hearings to a "time-consuming formality with no lasting effect." Id.

Here, the Court conducted a methodical and thorough plea colloquy with the defendant. During the colloquy the defendant consistently and repeatedly answered the Court's questions to the effect that he understood the plea agreement, its implications, and the rights he was waiving by entering into the plea agreement. The Court, after giving the defendant ample opportunity to voice his reservations and hearing none, determined that the defendant fully understood these matters and found his guilty pleas to be knowing and voluntary. Because the defendant has not provided a "fair and just reason" for the withdrawal of his guilty pleas, his motion should be dismissed.

  **C.  The Timing of the Motion Militates Against Withdrawal**

An additional factor to consider when reviewing the merits of a motion to withdraw a guilty plea is the time lapse between the plea and the motion to withdraw. See Fed. R. Crim. P. 32, Advisory Committee Notes (1983 amendment)

("if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrwal must have considerably more force.") (quoting United States v. Barker, 514 F.2d 208, 222 (D.C. Cir. 1975)).

Here, the defendant entered his plea on February 8, 2008, but did not file his motion to withdraw his plea until April 30, 2008 – nearly three months later. Courts have rejected plea withdrawal motions where there is a time lapse between the plea and the filing of the withdrawal motion. See Alber, 56 F.3d at 1111 (listing as a reason for rejecting the plea withdrawal motion that the three months had elapsed between the plea and the motion); United States v. Navarro-Florez, 628 F.2d 1178, 1184 (9th Cir. 1980) (per curiam) (one-month delay); United States v. Durham, 178 F.3d 796, 798-99 (6th Cir. 1999) (seventy-seven day delay). In this case there is nothing to suggest that anything significant occurred between the change of plea hearing and the plea withdrawal motion that would warrant the granting of the defendant's motion. Contrary to defendant's assertion, the Government has detrimentally relied upon the defendant's plea. Resources have been allocated elsewhere; co-defendants are about to be sentenced, after patiently waiting for the defendant to resolve his case.

## III. CONCLUSION

The defendant incorrectly suggests that the "any reason or no reason" language found in Federal Rule of Criminal Procedure 11(d)(1) permits the withdrawal of his plea. What is required by law is that the defendant shoulder the burden of establishing a "fair and just reason" for the withdrawal of his guilty pleas. The defendant failed to meet his burden. As such, the defendant's motion should be denied and the case should proceed to sentencing.

RESPECTFULLY SUBMITTED this 14th day of May, 2008 in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney


s/Frank V. Russo
FRANK V. RUSSO
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-1500
Email: frank.russo@usdoj.gov

Certificate of Service

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on May 14, 2008, via ECF:

Allen Bentley
Thomas Burke Wonnell
Steven M. Wells
Philip Paul Weidner
Darryl L. Thompson
Joseph P. Josephson
Robert M. Herz
Allen N. Dayan
Rex Lamont Butler
Kevin F. McCoy
Allan D. Beiswenger


Executed at Anchorage, Alaska, on May 14, 2008.


s/Frank V. Russo
Office of the U.S. Attorney