NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
THOMAS C. BRADLEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Frank.Russo@usdoj.gov
       Thomas.Bradley@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:06-cr-00041-01-RRB |
| Plaintiff, | ) |
| vs. | ) OPPOSITION TO DEFENDANT ) THOMAS RANES' MOTIONS TO ) CONTINUE SENTENCING AND |
| THOMAS P. RANES, | ) APPOINT SPECIAL COUNSEL |
| Defendant. | ) |

COMES NOW the United States and hereby responds in opposition to the defendant's motions at Docket 792 and 794, seeking a continuance of the June 4 sentencing date, an extension of time in which to file his sentencing memorandum,

and the appointment of "special counsel" to investigate and advocate for the defendant's attempt to withdraw his guilty plea. The government's position is that there is no need for further delay in this case, and that the Court already has sufficient information to make its determination on the motion to withdraw. If necessary, the Court can hear argument on the motion to withdraw the plea at the scheduled imposition of sentence hearing. Thus an evidentiary hearing is unnecessary – even assuming the facts set forth in the defendant's declarations are true – the reasons set forth therein do not constitute a fair or just reason for allowing the withdrawal of his plea.

## Sentencing Date and Sentencing Memo

The defendant argues that he is somehow unfairly prejudiced by proceeding to sentencing as scheduled should the Court deny his motion to withdraw the plea of guilty. The main point appears to be that filing a sentencing memorandum prior to the Court's ruling on the motion to withdraw will cause him to somehow reveal strategies or make admissions that could somehow be used against him. However, any such admission would be protected by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410. As further protection from disclosure of litigation strategy, the defendant can file his memorandum under seal, subject to unsealing should the Court deny his motion to withdraw. This would also alleviate any concern that the

memorandum would somehow taint the jury pool in the event that the Court allows the defendant to withdraw.

The fact that this case involves a plea under Fed. R. Crim. P. 11(c)(1)(C) also argues against any prejudice created by the filing of a sentencing memo at this time. The parties agreed on a sentence of 360 months, and the defendant has already filed his objections to the presentence investigation report. It is hard to imagine what "strategies" might be revealed in such a case. While it may be "awkward" to file a memo asking for a thirty year sentence when what the defendant now wishes to do is escape that agreement and go to trial, it is not inconsistent. If he is held to his agreement, he will receive a sentence of 360 months. If the Court either rejects the plea agreement or allows the defendant to withdraw, the defendant's memo becomes moot, as would the government's, and neither side would expect to be held to the arguments made therein.

## Appointment of Special Counsel

Likewise, there is no apparent need for appointment of additional counsel. The defendant is not even asserting ineffective assistance of counsel. Appointing special counsel to investigate ineffective assistance would be as unnecessary as appointing a psychiatrist to investigate his lack of mental competency – the defendant argues neither as a basis to withdraw his plea, and neither appointment

is necessary. His argument appears to again center on the claim that he entered a plea agreement because he was afraid he would be prosecuted for additional crimes, and that his own research called into question – at least in his mind – the validity of one of the prospective charges. Putting aside the fact that he avoided this charge by his plea agreement with the government, he has made no legal showing why a prosecution under 18 U.S.C. § 924(c)(1)(B)(ii) would be barred based on the legal authorities he discovered.

    The defendant also ignores the more severe prospective charge, 18 U.S.C. § 924(j), which as charged would carry a maximum sentence of life imprisonment in this case. Indeed, that is what the sentencing guidelines would mandate. See U.S.S.G. § 2A1.1 and Application Note 2(A)("In the case of a premeditated killing, life imprisonment is the appropriate sentence if a sentence of death is not imposed."). This could apply irrespective of whether the weapon was silenced or not; however, the defendant also avoided this charge by entering into the plea agreement with the government. Both of these charges would be legally viable under the theory that he aided, counseled, commanded, induced or procured the offense under 18 U.S.C. § 2; United States v. Vaanderling, 50 F.3d 696, 702 (9th Cir. 1995)(an aiding and abetting instruction is proper even where the indictment does not specifically charge that offense, since all indictments are read

to embody that offense in each count); Ninth Circuit Model Criminal Jury Instruction 5.1.).

Despite acknowledgment in the plea colloquy that he understood the agreement, had no questions, had not been threatened, was pleading voluntarily, and was satisfied with his attorney, the defendant now wants another attorney to examine the case and argue the withdrawal motion. This will simply add further unnecessary delay. Mr. Bentley has provided zealous representation, and the defendant has stated as much in writing and orally on the record.

Therefore, the Court should proceed as scheduled on June 4. If the plea agreement is rejected or if the Court allows withdrawal, there will be no imposition of sentence at that time. If the plea agreement is accepted and withdrawal is denied, sentencing can proceed as planned and the defendant will receive a sentence of 360 months, as agreed.

//
//
//
//
//
//

RESPECTFULLY SUBMITTED this 22nd day of May, 2008, in Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        s/Thomas C. Bradley
        THOMAS C. BRADLEY
        Assistant U.S. Attorney
        222 West Seventh Avenue, #9
        Anchorage, Alaska  99513-7567
        Phone: (907) 271-5071
        Fax: (907) 271-1500
        Email: Thomas.Bradley@usdoj.gov

Certificate of Service

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on May 22, 2008 via ECF:

Allen Bentley
Thomas Burke Wonnell
Steven M. Wells
Philip Paul Weidner
Darryl L. Thompson
Joseph P. Josephson
Robert M. Herz
Allen N. Dayan
Rex Lamont Butler
Kevin F. McCoy
Allan D. Beiswenger

Executed at Anchorage, Alaska, on May 22, 2008.

s/Thomas C. Bradley