IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>THOMAS P. RANES,<br><br>        Defendant. | Case No. 3:06-cr-0041-1-RRB<br><br><br>**ORDER DENYING PENDING MOTIONS** |

        Before the Court are several motions filed by Defendant
Ranes.  All are opposed by the Government.  First, and foremost, is
Defendant's Motion for Leave to Withdraw Guilty Plea at Docket 754
and 798.   Significantly, the Plea Agreement, which Defendant
freely and voluntarily entered into, specifically prohibits the
instant motion, for it provides that Defendant may "withdraw from
the agreement only if the Court rejects this plea agreement." (Plea
Agreement at Docket 719, pp. 2-3).  The Court has not rejected the
Plea Agreement.  Nevertheless, a thorough review of the pleadings
establishes this motion to be without merit on its face, for it
fails to set forth a fair and just reason for withdrawal of
Defendant's guilty pleas.

The Court has reviewed the tape of the Change of Plea hearing of February 8, 2008, when Defendant entered his guilty pleas in this matter.  The colloquy associated with the guilty pleas was clear and unambiguous. Defendant certainly knew what he was doing at the time.  Under the circumstances, and given the overwhelming evidence of guilt, Defendant's course of action appeared to be reasonable and calculated to avoid a more severe sentence.

After reviewing the very thorough Plea Agreement, which was signed both by Defendant and his attorney, the Court concluded that: (1) Defendant was fully competent and capable of entering an informed plea; (2) Defendant was aware of his rights; (3) Defendant's guilty pleas were being made freely and voluntarily and knowingly; (4) Defendant was in control of all of his faculties; and (5) Defendant had the advice of counsel and was satisfied with the counsel he had.  The Court further concluded that the factual basis for the pleas, which Defendant acknowledged to be true, contained all of the elements necessary to sustain guilty verdicts. Thereafter the Court accepted Defendant's guilty pleas and vacated the trial of this matter.  There was nothing about Defendant's statements or his overall demeanor to suggest that he was unhappy with his decision to plead guilty.

Defendant now asks to withdraw his guilty pleas, but not because of an inadequate plea colloquy or because of newly discovered evidence or because the plea was involuntary or for any other just reason.  Defendant suggests that he wants to withdraw his guilty pleas because he has issues with a charge that the Government did not bring against him relating to the silencer on the weapon allegedly used to kill a co-conspirator in this matter, and because of his concern that the Court might have been led to believe that Defendant knew in advance of the intended murder of the co-conspirator.  Although there are indications, separate and apart from this Plea Agreement, that Defendant knew in advance that the co-conspirator was to be killed, this knowledge is not part of the crimes to which Defendant pled guilty and need not be established in order to impose the agreed upon sentence.  Nor is Defendant being sentenced based on the silencer. The Plea Agreement contemplates a sentence based  on the facts Defendant has admitted and is a fair and reasonable sentence under the circumstances.

The Court further notes that the trial in this matter has long since been vacated and all of Defendant's co-conspirators have entered guilty pleas and are currently in the process of sentencing.  To permit Defendant to now withdraw his guilty pleas, without sufficient basis, would distinctly prejudice the Government.

For the reasons set forth above, as well as for those reasons more specifically set forth by the Government in its Opposition at Docket 803, the Court concludes that no evidentiary hearing is required to resolve this issue and no basis exists for the Court to appoint special counsel. Defendant's Motion for Appointment of Special Counsel at Docket 794 is therefore **DENIED.** Furthermore, for the above reasons, as well as for the reasons set forth by the Government in its Opposition at Docket 778, the Court hereby **DENIES** Defendant Ranes' Motion For Leave to Withdraw Guilty Plea at Docket 754. Moreover, given the very precise nature of the Plea Agreement in this matter, and given the Court's tentative inclination to accept and adopt the Plea Agreement, there is no need to continue the sentencing scheduled herein. The Court, therefore, **DENIES** Defendant Ranes' Motion for a Continuance of Sentencing at Docket 792.

**IT IS SO ORDERED.**

ENTERED this 28th day of May, 2008.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE