NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
THOMAS C. BRADLEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Fax:(907) 271-1500
Frank.Russo@usdoj.gov
Thomas.Bradley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:06-cr-00041-01-RRB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNITED STATES' |
| | ) | SUPPLEMENTAL |
| THOMAS P. RANES, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | Filed on Shortened Time |
| | ) | |

COMES NOW, plaintiff United States of America, by and through undersigned counsel, and files this supplemental sentencing memorandum in response to recent assertions made in the defendant's sentencing materials.  First,

defendant continues to assert that his advisory guideline range is 210 to 262 months.  See Defendant's Supplemental Sentencing Memorandum, p. 2.  This, of course, assumes that the Court accepts the defendant's "double counting" argument regarding the role enhancement for money laundering applied by the pre-sentence report.  However, even if the Court accepts this argument, the defendant's base offense level is 43 due to the fact that he has admitted relevant conduct for a homicide.  Thus, U.S.S.G. § 2A1.1 would apply.  Taking into account acceptance of responsibility, the defendant's total adjusted offense level would be, at a minimum, 40, and he would have a minimum advisory guideline range of 292 to 365.  Therefore, defendant's claim that his agreed-upon 360 month sentence is unduly harsh is without merit.

    Next, by way of correction to the United States original sentencing memorandum, the defendant has pointed out that co-conspirator Nopeneone Dennis Shine does indeed have a criminal record for Driving While Intoxicated in the 1980s.  Therefore, although Shine has zero criminal history points under the Guidelines, it was not technically correct for the United States to claim that he had "no criminal record," as it did in its original sentencing memorandum.

Finally, defendant makes much of the fact that Mr. Ranes is not a violent person, which he supports by letters to the Court from various individuals. It was never the position of the United States that the defendant himself was violent – only that he was capable of convincing others to undertake violent acts on his behalf. Indeed, the defendant portrayed himself during the investigation as someone who could order acts of violence to be committed on his behalf. Attached hereto as Exhibit A are portions of transcripts between Ranes and the main confidential informant in the case. Therein, Ranes states, on two different dates and times, that he would be willing to "send someone over" to intimidate others on behalf of the informant. At the time, investigators were not sure whether Ranes was serious. As it turned out, Ranes was all too capable of influencing others to commit acts of violence on his behalf.

//

//

//

//

//

RESPECTFULLY SUBMITTED this __3rd__ day of June, 2008 in Anchorage, Alaska.

        NELSON P. COHEN
        United States Attorney

        s/ Frank V. Russo
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Avenue, #9, Room 253
        Anchorage, Alaska  99513-7567
        Telephone (907) 271-5071
        Fax (907) 271-1500
        Email: Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on June 3, 2008, via:

    (X) Electronic case filing notice

Allen Bentley, Esq.

Executed at Anchorage, Alaska, June 3, 2008

s/ Frank V. Russo
Office of the U.S. Attorney