IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>THOMAS P. RANES,<br><br>                 Defendant. | Case No. 3:06-cr-00041-01-JMK<br><br>**ORDER GRANTING MOTION TO MODIFY CONDITION NO. 6 OF SUPERVISED RELEASE** |

Before the Court at Docket 1168 is Mr. Ranes's Motion to Modify Terms of Supervised Release Pursuant to 18 U.S.C. § 3583(e) ("Motion"). The United States responded in opposition at Docket 1170. Mr. Ranes replied at Docket 1171. The United States Probation Office provided memoranda to the Court at Dockets 1173 and 1175.

At Docket 1176, the Court issued an order which appointed counsel, set a briefing schedule, and established a process as to holding an evidentiary hearing. At Docket 1179 and with the assistance of counsel, Mr. Ranes filed an Amended Motion to Modify Conditions of Supervision & Supplemental Filing Re: Docket 1168 ("Amended Motion"). Additionally, at Docket 1180, Mr. Ranes submitted a Motion for Hearing, in which he waives his right to a hearing.[1] The Government did not respond to Docket 1179

---

[1] Docket 1180 at 2 ("Defendant requests that the Court issue a ruling granting his requested modification without further briefing or a hearing.").

or 1180. For the reasons below, the Court **GRANTS** the Motion to Modify Terms of Supervised Release Pursuant to 18 U.S.C. § 3583(e) at Docket 1168; the Amended Motion to Modify Conditions of Supervision & Supplemental Filing Re: Docket 1168 at Docket 1179; and the Motion for Hearing at Docket 1180.

## I. BACKGROUND

On June 4, 2008, Mr. Ranes was sentenced to 360 months incarceration for Conspiracy to Import Controlled Substances, Money Laundering, and International Money Laundering.[2] Mr. Ranes petitioned this Court for compassionate release on July 21, 2020, which the Court denied without prejudice on September 22, 2020.[3] Mr. Ranes renewed his request for compassionate release on July 28, 2022, which the Court granted on November 22, 2022.[4] In the Court's Amended Judgment, the Court resentenced Mr. Ranes to time served, with six years of supervised release. Further, the Court imposed Special Condition No. 6, which states:

> The defendant shall participate in the home confinement program for a period of 24 months and shall abide by all the assigned components of the program, which will include electronic monitoring or other location verification system. The defendant shall pay for the cost of electronic monitoring or other location verification system. Specifically, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; Court-ordered obligations; attorney visits and court appearances; or other activities as pre-approved by the probation officer.

---

[2] Docket 849.
[3] Docket 1149.
[4] Docket 1165.

*United States v. Ranes*  Case No. 3:06-cr-00041-01-JMK
Order Granting Motion to Modify Condition No. 6 of Supervised Release  Page 2
Case 3:06-cr-00041-JMK   Document 1185   Filed 05/08/24   Page 2 of 7

## II. BRIEFING

On May 22, 2023, Mr. Ranes filed the Motion at Docket 1168 requesting the Court modify Special Condition No. 6, reducing his time on home confinement from 24 months to a mere six.[5] Mr. Ranes contends that the medical conditions that lead to his compassionate release require several corrective surgeries.[6] Mr. Ranes further asserts that he is the daily caregiver for his mother, who also has extensive medical needs.[7] Lastly, Mr. Ranes expresses concerns about his limited ability to navigate unexpected medical trips or accept overnight work assignments.[8]

In the Amended Motion at Docket 1179, Mr. Ranes supplemented the record regarding the intensive nature of caring for his mother in rural Alabama. Mr. Ranes takes his mother to three to four doctor's appointments a week and shops for all of her needs. Further, he cares for the entire property and the animals raised there.[9] Mr. Ranes takes on welding and mechanical work on the property. He runs his own welding and fabrication business.[10] He has completed multiple welding contracts and has the opportunity to expand his services with a national retailer.[11]

Mr. Ranes also elaborates on the severity of his own medical needs. Mr. Ranes suffers from a herniated spinal disc, which will require intensive surgery.[12] His

---

[5] *Id.* at 2.
[6] *Id.* at 2–3.
[7] *Id.* at 3.
[8] *Id.* at 8.
[9] Docket 1179 at 3.
[10] *Id.* at 4–5.
[11] *Id.*; Docket 1179-2.
[12] Docket 1179 at 4; Docket 1179-1.

*United States v. Ranes*     Case No. 3:06-cr-00041-01-JMK
Order Granting Motion to Modify Condition No. 6 of Supervised Release     Page 3
Case 3:06-cr-00041-JMK     Document 1185     Filed 05/08/24     Page 3 of 7

gastrointestinal issues remain, requiring pain management and a future invasive surgery.[13] Mr. Ranes requests relief pursuant to 18 U.S.C. § 3583(e) and thereby Federal Rule of Criminal Procedure 32.1.[14]

After prompting from the Court, the Government entered its response in opposition to the Motion.[15] The Government argues that Mr. Ranes has not provided any "extraordinary and compelling reasons" to merit further review under the compassionate release scheme.[16] Additionally, and with vigor, the Government argues that the § 3553(a) factors do not weigh in favor of modification.[17] The Government did not submit additional responsive briefing the to the Amended Motion, and relies on its original response at Docket 1170.

### III. LEGAL STANDARD

Title 18 of the United States Code, section 3583(e)(2), permits a district court to modify a condition of release after considering statutory factors found at 18 U.S.C. § 3553(a). Specifically, a court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;[18] (2) the deterrent effect of the sentence imposed;[19] (3) the need to protect the public;[20] (4) the need for education or vocational training, medical care, or correctional treatment;[21] (5) comparable sentences and

---

[13] Docket 1179 at 4.
[14] Docket 1165 at 1.
[15] Docket 1170.
[16] *Id.* at 5–7.
[17] *Id.* at 7–10.
[18] 18 U.S.C. § 3553(a)(1).
[19] 18 U.S.C. § 3553(a)(2)(B).
[20] 18 U.S.C. § 3553(a)(2)(C).
[21] 18 U.S.C. § 3553(a)(2)(D).

*United States v. Ranes*  Case No. 3:06-cr-00041-01-JMK
Order Granting Motion to Modify Condition No. 6 of Supervised Release  Page 4

Case 3:06-cr-00041-JMK   Document 1185   Filed 05/08/24   Page 4 of 7

conditions;[22] (6) any relevant policy statements from the Sentencing Commission;[23] (7) the need to avoid sentencing disparities;[24] and (7) the need to provide restitution to any victims.[25]

Federal Rule of Criminal Procedure 32.1(c) requires that before modifying a defendant's conditions of supervised release a court must hold a hearing. A defendant is afforded the right to counsel and an opportunity to make a statement and present information to the court.[26] A defendant may elect to waive the hearing.[27]

## IV. DISCUSSION

"District courts have 'wide discretion to fashion special conditions so long as they are reasonably related to the goals of supervised release and involve no greater deprivation of liberty than is reasonably necessary.'"[28] As Mr. Ranes notes in his original motion, "[s]upervised release, in contrast to probation, is not a punishment in lieu of incarceration."[29] Rather, supervised release "is an order of supervision in addition to any term of imprisonment imposed by the court."[30]

Supervised release should serve as a reentry pathway to those previously incarcerated. Conditions of release operate as the foundational access point to facilitate

---

[22] 18 U.S.C. § 3553(a)(4).
[23] 18 U.S.C. § 3553(a)(5).
[24] 18 U.S.C. § 3553(a)(6).
[25] 18 U.S.C. § 3553(a)(7).
[26] Fed. R. Crim. P 32.1(c)(1).
[27] Fed. R. Crim. P. 32.1(c)(2)(A).
[28] *United States v. Aquino*, 794 F.3d 1033, 1038 (9th Cir. 2015) (internal citation and quotations omitted).
[29] *United States v. Granderson*, 511 U.S. 39, 50 (1994).
[30] U.S. SENT'G COMM'N, GUIDELINES MANUEL § 7A2 (Nov. 2023).

*United States v. Ranes*            Case No. 3:06-cr-00041-01-JMK
Order Granting Motion to Modify Condition No. 6 of Supervised Release      Page 5
Case 3:06-cr-00041-JMK    Document 1185    Filed 05/08/24    Page 5 of 7

services and support for those re-entering society. Most importantly, the supervised release system protects society as an early warning system for defendants who cannot remain law abiding. Supervised release functions as a grant of the Court's trust[31] enacted on behalf of the public interest.[32]

Mr. Ranes's Motion and Amended Motion are well-taken. The Court previously has evaluated the requisite § 3553(a) factors in its Order Granting Compassionate Release at Docket 1165. The Court re-adopts its prior analysis.[33] Additionally, Mr. Ranes successfully adjusted to supervised release and home confinement.[34] He maintains close family contacts and serves as a responsible caretaker.[35] Mr. Ranes has demonstrated that he can work independently and complete assignments. He has taken on significant welding contracts and runs his own business, despite being homebound.[36] His medical conditions remain significant and require specialized care.[37] Despite these challenges, he remains sober and drug free.[38]

Mr. Ranes's commitment to his rehabilitation, family, and community are apparent. Mr. Ranes does not merely comply with home confinement; he has exceeded his circumstances and the expectations of this Court. Mr. Ranes's nature, character, actions, and supervision record demonstrate that home confinement is a performative and

---

[31] USSG § 7A3; *cf. United States v. Miqbel*, 444 F.3d 173, 1182 (9th Cir. 2006).
[32] *United States v. Corbett*, Case No. 2:16-cr-00300-BLW, 2019 WL 2110367 *1 (D. Idaho, May 14, 2019).
[33] Docket 1165 at 11.
[34] Dockets 1173 (sealed), 1175 (sealed).
[35] Docket 1179 at 2–3.
[36] *Id.* at 4.
[37] *Id.* at 3–4.
[38] *Id.* at 2.

*United States v. Ranes*  Case No. 3:06-cr-00041-01-JMK
Order Granting Motion to Modify Condition No. 6 of Supervised Release  Page 6

Case 3:06-cr-00041-JMK    Document 1185    Filed 05/08/24    Page 6 of 7

unnecessary expense. Considering Mr. Ranes vocational skills, medical conditions, and continued term of supervised release, home confinement acts as an excessive restriction. At present, the public interest is best served by removing Special Condition No. 6, thereby permitting Mr. Ranes to accept further responsibility for his life.

## V. CONCLUSION

The Court finds that Special Condition No. 6 no longer serves the public interest. The Court **GRANTS** the Motion to Modify Terms of Supervised Release Pursuant to 18 U.S.C. § 3583(e) at Docket 1168; the Amended Motion to Modify Conditions of Supervision & Supplemental Filing Re: Docket 1168 at Docket 1179; and the Motion for Hearing at Docket 1180. An amended judgment shall issue reflecting the removal of Special Condition No. 6.

DATED this 8th day of May 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*United States v. Ranes*  
Order Granting Motion to Modify Condition No. 6 of Supervised Release  
Case No. 3:06-cr-00041-01-JMK  
Page 7  
Case 3:06-cr-00041-JMK   Document 1185   Filed 05/08/24   Page 7 of 7